GALLI v KIRKEBY

Docket No. 57159. Argued April 7, 1976 (Calendar No. 8).—Decided
    December 21, 1976.

Virginia Galli, for herself and as next friend of Mark Galli, and
Roy Galli brought an action for damages against defendants
Arthur Kirkeby, a principal at a public school, and the Board
of Education of the Warren Consolidated Schools in Macomb
Circuit Court, Frank E. Jeannette, J. The complaint alleged
that defendant Kirkeby had sexually assaulted Mark Galli, a
student at the school, numerous times and that the school
system failed to screen and supervise its personnel properly in
hiring and retaining Kirkeby. Olin L. Adams, Supervisor of the
Warren Consolidated Schools, the person responsible for hiring
and supervising Kirkeby, was ordered added as a party defend-
ant. The trial court denied the defendant school board's motion
for summary judgment on the grounds of governmental immu-
nity. The Court of Appeals, McGregor, P. J., and Quinn and
Cavanagh, JJ., denied leave to appeal (Docket No. 22538).
Defendants Warren Consolidated Schools and Olin L. Adams
appeal. *Held:*

The case is remanded to the trial court for further proceed-
ings.

Chief Justice Kavanagh, Justices Levin and Fitzgerald con-
curring, would hold that the defendants do not enjoy immunity

REFERENCES FOR POINTS IN HEADNOTES
[1] 68 Am Jur 2d, Schools § 320.
[2] 61 Am Jur 2d, Pleading § 232.
[3] 72 Am Jur 2d, States, Territories, and Dependencies, § 126
[4] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 27.
[5] 68 Am Jur 2d, Schools § 6.
[6] 68 Am Jur 2d, Schools § 15.
[7] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 21.
[8] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 15.
[9] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 40.
[10] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 42.
[11] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 18.
[12] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 16.
[13] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 299.

because the day-to-day operation of a school is not a governmental function.

Justice Williams, with Justice Ryan concurring, wrote that the plaintiffs have apparently pleaded here that (1) the school board is liable for negligence in failing properly to screen and supervise its personnel, and (2) the school board is vicariously liable for the assaults committed by its employees. The dispositive question is whether the complained-of activity is in the exercise or discharge of a governmental function, not whether the governmental unit normally is engaged in the exercise or discharge of a governmental function. The screening, hiring and supervision of school district personnel by a school in the course of providing public education, is a governmental function. Therefore, the plaintiffs have not stated an actionable claim against the school board for liability for negligence and summary judgment should have been granted as to that allegation. The issue of whether statutory governmental immunity extends to an employee of the school board is not presented in this appeal. The alleged intentional homosexual assault of a school principal upon a student, however, is not within the exercise of a governmental function. Therefore, the trial court correctly denied the motion for summary judgment with respect to the intentional tort. The matter is remanded for further action on the issue of whether the school board is liable under the doctrine of respondeat superior.

Justice Coleman, with Justice Lindemer concurring, wrote that the activities described as governmental functions at common law at the time of enactment of the governmental tort liability act enjoy statutory immunity from tort liability. It cannot be seriously argued that hiring or supervising school personnel and making relevant policy are not governmental functions. The immunity which attaches to the performance of the function protects not only the school board but also the school officers who execute that function, where the duty that is breached is one that is imposed on the entity and not on the individual. Hence, the defendants board and supervisor are not liable. The alleged activities of defendant Kirkeby, however, were solely personal and cannot come within the immunity provided to the other defendants.

OPINION BY KAVANAGH, C. J.

LEVIN and FITZGERALD, JJ.

1. SCHOOLS AND SCHOOL DISTRICTS—TORTS—GOVERNMENTAL IMMUNITY
    —GOVERNMENTAL FUNCTION.

*The day-to-day operation of a school system is not a governmental function; therefore a school system does not necessarily*

*enjoy governmental immunity for torts under the governmental liability act (MCL 691.1407; MSA 3.996[107]).*

OPINION BY WILLIAMS, J.

RYAN, J.

2. JUDGMENT—SUMMARY JUDGMENT—MOTIONS—CAUSE OF ACTION.

*A court considering a motion for summary judgment for failure to state a claim upon which relief can be granted must examine the facts as pleaded in the light most favorable to the plaintiff to determine whether plaintiff has stated the elements of a cause of action.*

3. STATES—CAUSE OF ACTION—GOVERNMENTAL IMMUNITY.

*A plaintiff, to state an actionable claim against the state, must plead facts in the complaint in avoidance of governmental immunity.*

4. STATES—TORTS—GOVERNMENTAL IMMUNITY.

*The dispositive question in determining whether a governmental agency is immune from tort liability under the statute is whether the specific activity alleged against it falls within the exercise or discharge of a governmental function (MCL 691.1407; MSA 3.996[107]).*

5. SCHOOLS AND SCHOOL DISTRICTS—TORTS—GOVERNMENTAL IMMUNITY —GOVERNMENTAL FUNCTION.

*The screening, hiring, and supervision of school district personnel by a school board in the course of providing public education is a governmental function, and a complaint pleading negligence of a board in failing to screen and supervise its personnel properly does not state an actionable claim against the board (MCL 691.1407; MSA 3.996[107]).*

6. SCHOOLS AND SCHOOL DISTRICTS—TORTS—GOVERNMENTAL IMMUNITY —GOVERNMENTAL FUNCTION—ASSAULT.

*An alleged homosexual assault by a school principal on a student is not in the exercise or discharge of a governmental function; therefore the school board was not shielded by governmental immunity from possible vicarious liability where the complaint alleged vicarious liability of the board for such an assault (MCL 691.1407; MSA 3.996[107]).*

DISSENTING OPINION BY COLEMAN, J.

LINDEMER, J.

7. SCHOOLS AND SCHOOL DISTRICTS—GOVERNMENTAL IMMUNITY—AC-CELERATED JUDGMENT.

*Denial of a school board's motion for accelerated judgment should*

be reversed in a case alleging that a pupil had been sexually assaulted by his school principal and that the school board continued to employ the principal without proper supervision of his activities because the school board was engaged in a governmental function and thus immune from tort liability (MCL 691.1407; MSA 3.996,[107]).

8. STATES—TORTS—GOVERNMENTAL IMMUNITY—PLEADING.

A plaintiff bringing a complaint for tort liability against a governmental agency has the burden of stating in the complaint facts which would justify a finding that the alleged tort does not fall within the concept of governmental immunity.

9. STATES—TORTS—GOVERNMENTAL IMMUNITY—GOVERNMENTAL FUNCTION.

The key to determining the applicability of the governmental immunity concept is in ascertaining whether the particular function involved is a "governmental function" (MCL 691.1407; MSA 3.996[107]).

10. STATES—TORTS—GOVERNMENTAL IMMUNITY—GOVERNMENTAL FUNCTION—STATUTES—CONSTRUCTION.

The Legislature, in choosing the term "governmental function", without a statutory definition to describe the limits of governmental immunity, intended that activities described as governmental functions at common law at the time of enactment of the legislation would enjoy statutory immunity from tort liability (MCL 691.1407; MSA 3.996[107]).

11. SCHOOLS AND SCHOOL DISTRICTS—TORTS—GOVERNMENTAL IMMUNITY—GOVERNMENTAL FUNCTION.

The duty of providing means of education at public expense is a purely public duty, in the discharge of which the local school body, as the state's representative, is exempt from corporate liability for torts; hiring or supervising school personnel, and making relevant policy are part of the school's governmental function (MCL 691.1407; MSA 3.996[107]).

12. SCHOOLS AND SCHOOL DISTRICTS—TORTS—GOVERNMENTAL IMMUNITY—AGENTS.

The immunity which attaches to the performance of a governmental function by a school district protects not only the board of education, but also the individual board members or school officers who execute that function, where the duty that is breached is one that is imposed on the entity and not on the individual.

13. SCHOOLS AND SCHOOL DISTRICTS—TORTS—GOVERNMENTAL IMMU-
NITY—GOVERNMENTAL FUNCTION.

    *A school principal's alleged sexual activities with a student were solely personal and are not clothed with governmental immunity as an agent carrying out his prescribed duties within his governmental function; the principal may be personally liable although the school district or board is not, because he was acting outside the scope of his employment (MCL 691.1407; MSA 3.996[107]).*

*Joseph N. Impastato* for plaintiffs.

*Harvey, Kruse & Westen, P. C.* (by *James N. Martin* and *Phillip G. Alber)* for defendants Warren Consolidated Schools and Olin L. Adams.

KAVANAGH, C. J. We concur in the remand to the trial court for further proceedings.

The defendants do not enjoy immunity. The day-to-day operation of a school is not a governmental function.

LEVIN and FITZGERALD, JJ., concurred with KAVANAGH, C. J.

WILLIAMS, J. This case requires us to revisit our recent governmental immunity decisions in *Thomas v Department of State Highways,* 398 Mich 1; 247 NW2d 530 (1976), and *McCann v Michigan,* 398 Mich 65; 247 NW2d 521 (1976).

## I. FACTS

The case arises out of the alleged repeated homosexual attacks upon a minor student by a school principal. The question involved herein is whether the trial judge properly denied the defendant school board's motion for summary judgment based on governmental immunity.

The board moved the trial court "to enter a

summary judgment of dismissal under rule 117 * * * because the plaintiffs have failed to state a claim as to this defendant upon which relief can be granted". In such motion based on GCR 1963, 117.2(1), we must examine the facts as pleaded in the light most favorable to plaintiff to determine whether plaintiff has stated the elements of a cause of action. *Durant v Stahlin,* 374 Mich 82; 130 NW2d 910 (1964). To state an actionable claim against the state, a pleader must plead facts in the complaint in avoidance of immunity. *McCann, supra,* (opinion of Ryan, J. at 77).

The pertinent portions of the complaint are as follows:

"3. That at all times herein complained, defendant Arthur H. Kirkeby was an agent and employee of the Warren Consolidated Schools and, in fact, the Principal of the Hatherly Elementary School, one of the said schools comprising the said Warren Consolidated Schools.

* * *

"5. That during the entire school year of September 1972 through June 1973 on numerous and repeated occasions, in excess of 100 occasions, in fact, defendant Arthur H. Kirkeby, took plaintiff minor into the storage room into the storage room in the Hatherly Elementary School and sexually assaulted plaintiff minor, forcing said child to submit to acts of indignity and human revulsion and forcing said child to perform acts of indignity and human revulsion, all too repulsive to set forth in this pleading.

"6. That defendant Board of Education for the Warren Consolidated Schools owed a duty to the public and students to provide proper, competent, moral and capable personnel at their institutions of learning and said defendant failed so to do, and that, further, failed to supervise said personnel, failed to properly screen personnel before hiring, failed to properly investigate and

evaluate said personnel, failed to overview the actions of said personnel, and, in other words, employed an incompetent, improper and immoral servant who failed to carry out the obligations and duties imposed upon the defendant school board by force of law.

"7. That as a direct and proximate result of the wrongful acts and misconduct of defendant, Arthur H. Kirkeby, and the negligent acts of defendant Warren Consolidated Schools for the Counties of Macomb and Oakland, Board of Education, suffered horrendous mental disturbances, traumatic neurosis, severe embarrassment, anxiety, hysteria, panic, humiliation, fear, shame, severe nervous reactions and depression, all of which injuries and maladies are permanent.

"8. Said injuries caused plaintiff minor to suffer severe and excruciating mental and physical pain and does and will so continue to cause him to suffer for the remainder of his life and he has been and will throughout his life be hindered and disabled from carrying on a normal life, existence or occupation and said injuries caused plaintiff minor to be placed in the care of doctors, psychiatrists, hospitals and clinics and to suffer great medical and psychiatric expenses and will so cause him to continue medical and psychiatric treatments and to incur resultant expenses for the remainder of his life."

Although the complaint is stated in one count, it appears that plaintiffs have pleaded, albeit inartfully, two separate torts against the defendant school board, each of which arose out of the alleged assaults. First, plaintiffs have alleged that the board is liable for its own negligence in failing to properly screen and supervise its personnel. Second, plaintiffs state that the board is vicariously liable for the assaults committed by its employee. For the reasons set forth below, we must measure each alleged tortious activity against the immunity standards.

## II. APPLICABLE LAW

As already indicated this case requires us to revisit *Thomas* and *McCann. Pittman v City of Taylor,* 398 Mich 41; 247 NW2d 512 (1976), which denied governmental immunity to a school board where a student was injured by the explosion of chemicals negligently supplied by a school teacher, is not on point. The injury there was suffered during a period when there was no applicable governmental immunity statute. In this case there is a pertinent statute, as was true in *Thomas.*

In *Thomas,* 8–9, we said:

"The legislative provision for governmental immunity is contained in MCLA 691.1407; MSA 3.996(107). This section provides:

" 'Except as in this act otherwise provided, *all government agencies shall be immune from tort liability in all cases wherein the government agency is engaged in the exercise or discharge of a governmental function.* Except as otherwise provided herein, this act shall not be construed as modifying or restricting the immunity of the state from tort liability as it existed heretofore, which immunity is affirmed.' " (Emphasis added.)

The question in *Thomas* was:

"[W]hether the facts pled in this case, the death of an employee of a subcontractor who was engaged in the construction of a state highway when he was killed by falling earth when tunneling under a railroad right-of-way, deal with a 'case[s] wherein the government agency is engaged in the exercise or discharge of a governmental function' as provided by statute." 8.

We concluded in *Thomas* "that *the activity involved in this case* must be regarded as a govern-

mental function under the statute and that as a result the defense of governmental immunity is available to the State Highway Department" (emphasis added) 12. In other words the statutory test focused not upon the general type of work the department performed but upon *"the activity involved in this case"*, the "tunneling under a railroad right-of-way" by the employee of a subcontractor in building a road.

The test was followed and developed in *McCann.* The question in *McCann* was whether a state mental hospital, some of whose employees allegedly put a newspaper publisher out of business through pressures on advertisers and subscribers, was shielded by governmental immunity from possible vicarious liability. In four opinions, seven justices concluded that neither the hospital nor the employees were immune. Four justices remanded to determine whether there was vicarious liability and three justices held there was not vicarious liability.

Justice FITZGERALD, in his opinion also signed by Justice COLEMAN and Justice LINDEMER, applied the test this way:

"We agree that the question of governmental immunity should not be considered because the *complained-of* activity does not fall within 'the exercise or discharge of a governmental function.' " 83. (Emphasis added.)

Justice WILLIAMS in his opinion signed only by himself applied the test as follows:

"[W]e find that defendant state agency's employees were clearly engaged in *ultra vires* activity and were not, therefore, involved 'in the exercise or discharge of a governmental function.' " 73–74.

Justice RYAN in his opinion signed only by himself stated the test as follows:

"We look to the facts pleaded in the complaint to determine *whether the specific tortious activity alleged against the state or its agencies is within the protection of the immunity doctrine.*" (Emphasis added.) 80.

The quoted language from *McCann* and *Thomas* makes it abundantly clear that the test is not whether the governmental unit is generally "engaged in the exercise or discharge of a governmental function". The dispositive test is whether "the activity involved in this case" *(Thomas),* "the complained-of activity" (FITZGERALD's *McCann),* or "the specific tortious activity alleged" (RYAN's *McCann)* is within "the exercise or discharge of a governmental function". In short, the test of whether a governmental agency can claim immunity under the statute is whether the specific activity alleged against the governmental defendant falls within "the exercise or discharge of a governmental function".

Both parties have referred to *Lovitt v Concord School District,* 58 Mich App 593; 228 NW2d 479 (1975). The operative facts in *Lovitt* were that teacher-coaches had run a particularly severe football practice session in August heat and a student died of heat prostration. That Court held the school district superintendent and principal clothed in governmental immunity. However, that Court held that the negligence of teacher-coaches was personal and as a consequence they did not enjoy governmental immunity.

The *Lovitt* test is not the test set forth in *Thomas* and *McCann* and to the extent it differs it is overruled. The proper test for governmental immunity is whether the complained of activity

falls within "the exercise or discharge of a governmental function".

With respect to the question of whether statutory governmental immunity extends to the employee, we find that the issue is not presented in this appeal and express no opinion.

### III. APPLICATION OF LAW TO FACTS

We first address the question of whether the school board is immune from suit for its own negligence in allegedly failing to exercise due care in the hiring and supervision of Mr. Kirkeby.

We have held that the hiring of teachers by a school board in the course of providing public education is a governmental function. *Daniels v Board of Education of Grand Rapids,* 191 Mich 339; 158 NW 23 (1916). See also *Daszkiewicz v Detroit Board of Education,* 301 Mich 212; 3 NW2d 71 (1942). Likewise, we find that the screening, hiring and supervision of school district personnel by the board in the course of its educational function was an act "in the exercise or discharge of a governmental function". We hold, therefore, that plaintiffs have not stated an actionable claim against the board for liability for its own negligence, and summary judgment should have been granted as to that "count".

We next consider whether the school board is immune from suit with respect to the alleged tortious activity of its employee. No one will seriously argue that the intentional homosexual assault of a school principal upon a student falls within "the exercise of a governmental function". We hold it does not.

The intentional homosexual assault of a school principal upon a school boy even on school time

and on school property is not the same thing as negligent tunneling in road construction as in *Thomas.* Rather the facts in this case are clearly analogous in principle to the facts in *McCann.*

In both this case and *McCann* a governmental agency is involved whose normal operation is "the exercise or discharge of a governmental function".[1] However, in both cases an employee of the governmental agency engages intentionally in allegedly tortious action that bears no arguable relationship to the agency's function.

## IV. Conclusion

We hold that the trial court should have granted the defendant school board's motion for summary judgment on the question of the board's negligence, and that the trial court correctly denied the motion with respect to the alleged intentional tort. Under this disposition the matter returns to the trial court for further action not inconsistent with this opinion. *McCann* implies that the next question is whether vicarious liability lies against the defendant school board under the doctrine of *respondeat superior.* Since the issue was neither raised nor briefed, we do not here consider it.

Affirmed in part, reversed in part, and remanded to the trial court for further proceedings not inconsistent with this opinion.

RYAN, J., concurred with WILLIAMS, J.

COLEMAN, J. "Hard cases make bad law." This is a "hard" case and there is a temptation to bend the law to accommodate plaintiffs. However, statutory law can lose direction and be diverted from

---

[1] The Chief Justice and Justice LEVIN do not "believe the day to day operation of a [mental] hospital is a governmental function." 71.

its purpose when unduly strained to assist plaintiff or defendant in a given case. Such is our problem here.

Plaintiff Mark Galli allegedly was molested by his school principal, Arthur H. Kirkeby, one of defendants in the circuit court case, during the 1972–1973 school year. The appeal, however, is brought only by defendants Warren Consolidated Schools for the Counties of Macomb and Oakland, Board of Education, and Olin L. Adams (School Administrator). Leave to appeal was granted primarily to consider the question of whether the school board and school administrator for the Warren Consolidated Schools were immune from tort liability or were vicariously liable for an intentional tort of an employee.

Because the Legislature has provided that "all governmental agencies" are immune "from tort liability in all cases wherein the government agency is engaged in the exercise or discharge of a governmental function", we must reverse the trial court denial of defendants-appellants' motion for summary judgment which we treat as a motion for accelerated judgment.

I

Plaintiffs allege in their amended complaint of June 10, 1974 that defendant Kirkeby (not a party to this appeal) sexually assaulted Mark Galli "on numerous and repeated occasions" in a school storage room during the 1972–1973 school year. Plaintiffs claim damages for Mark Galli in the amount of $1,000,000 and for the parents, individually, $500,000 plus interest, costs and attorney fees.

Plaintiffs' complaint alleges that the board of

education (and Mr. Adams[1]) negligently breached "a duty to the public and students to provide proper, competent, moral and capable personnel at their institutions of learning".

Defendants moved for summary judgment claiming "that under the law of this state a school board is immune from liability".

The trial judge denied the motion for summary judgment. The Court of Appeals denied leave to appeal and denied a motion for rehearing.

## II

The 1970 legislative provision for governmental immunity[2] is found in MCLA 691.1407; MSA 3.996(107) and is applicable to these facts:[3]

"Except as in this act otherwise provided, all governmental agencies shall be immune from tort liability in all cases wherein the government agency is engaged in the exercise or discharge of a governmental function. Except as otherwise provided herein, this act shall not be construed as modifying or restricting the immunity of the state from tort liability as it existed heretofore, which immunity is affirmed."

MCLA 691.1401; MSA 3.996(101) specifies that school districts are within the definition of "governmental agency".

Therefore, plaintiffs have the burden of stating in their complaint facts in avoidance of immunity. In other words, plaintiffs must allege in their

---

[1] Kirkeby was hired by the Warren Consolidated Schools in 1966 and discharged in 1972. Adams was hired in 1970.

[2] 1970 PA 155.

[3] Plaintiffs argue continuing tort from a time prior to the statute. The argument is rejected as to plaintiffs. No tort as to Mark Galli is alleged to have occurred prior to 1972.

complaint facts which would justify a finding that the alleged tort with which defendants are charged does *not* fall within the concept of governmental immunity.

Defendants-appellants' conduct at issue here is their hiring and/or supervising of school personnel.[4]

Justice WILLIAMS recently wrote in *Thomas v Department of State Highways*, 398 Mich 1; 247 NW2d 530 (1976), that the "key to determining the applicability of the immunity defense[5] is in ascertaining whether or not the particular case is one" where the agency was exercising or discharging a governmental function. The Court also found that the Legislature "intended that the activities described as governmental functions at common law at the time of the enactment of the new legislation would enjoy statutory immunity from tort liability".

In *Daniels v Board of Education of Grand Rapids,* 191 Mich 339, 348–349; 158 NW 23 (1916), the Court said:

---

[4] Section 7 of plaintiff's amended complaint states the alleged wrongdoing of defendants-appellants:

"That defendant Board of Education for the Warren Consolidated Schools and defendant Olin L. Adams, individually and as Supervisor for the Warren Consolidated Schools, owed a duty to the public and students to provide proper, competent, moral and capable personnel at their institutions of learning and said defendants failed so to do, and that, further, they failed to supervise said personnel, failed to properly screen personnel before hiring, failed to properly investigate and evaluate said personnel, failed to overview the actions of said personnel and, in other words, employed an incompetent, improper and immoral servant who failed to carry out the obligations and duties imposed upon the defendant school administrator and defendant school board by force of law."

A second amended complaint incorporated by reference a prayer for specific damages (count I) and a count pleading public nuisance (count II).

[5] Governmental immunity is not actually a defense although frequently expressed as such. It is a characteristic of government which plaintiff must avoid.

"As applied to those States where liability is not expressly created by statute the overwhelming weight of authority sustains the following concise statement of the general rule upon the question before us:

" 'The duty of *providing means of education, at the public expense,* by building and maintaining school houses, *employing teachers,* etc., is a purely public duty, in the discharge of which the local body, as the State's representative, is exempt from corporate liability * * * .' 2 Shearman & Redfield, Negligence (6th ed), § 267." (Emphasis added.)

Also see *Daszkiewicz v Detroit Board of Education,* 301 Mich 212, 220; 3 NW2d 71 (1942). See generally Anno, *Modern Status of Doctrine of Sovereign Immunity as Applied to Public Schools and Institutions of Higher Learning,* 33 ALR3d 703, and 57 Am Jur 2d, Municipal, School, and State Tort Liability, p 1. Statutory exceptions have since eliminated immunity concerning building maintenance and repairs[6] but the remainder continues in vitality.

It cannot be seriously argued that hiring and/or supervising of school personnel and making of relevant policy are not governmental functions. Neither can it be seriously argued that Mr. Kirkeby's alleged sexual activities come within his func-

---

[6] The legislative exceptions may arise (1) from failure to keep any highway under the particular agency's jurisdiction in "reasonable repair, and in condition reasonably safe and fit for travel" (MCLA 691.1402; MSA 3.996[102]), (2) from "negligent operation by any officer, agent, or employee of the governmental agency, of a motor vehicle of which the governmental agency is the owner" (MCLA 691.1405; MSA 3.996[105]), or (3) "from a dangerous or defective condition of a public building if the governmental agency had actual or constructive knowledge of the defect" (MCLA 691.1406; MSA 3.996[106]). Further, proprietary functions of the agencies are excluded from immunity. (MCLA 691.1413; MSA 3.996[113]). There is no exception even for neglect with knowledge.

None of the statutory exceptions apply to this case, nor are they pled in the complaint.

tion as a school principal. He was acting beyond the scope of his employment.

He is not clothed in governmental immunity as an agent carrying out his prescribed duties. The alleged activities were solely personal and cannot come within the immunity provided to the other defendants.

However, the key problem does not concern defendant Kirkeby's liability. It concerns the liability of the school board and the administrator who were discharging a governmental function.

## III

Plaintiff argues the applicability of some cases grounded on the constitutional mandate that "[p]rivate property" cannot be taken without "just compensation" (1963 Const, art 10, § 2).[7]

We cannot in good conscience apply that constitutional prohibition to an area clearly not within the intent of the article which is entitled "Property". Section 2 has to do with eminent domain. The convention comment submitted to the people when the constitution was approved states, in speaking of § 2, that it was deemed a "sufficient safeguard against taking of private property for public use". The convention noted that the section contains provisions for "proper procedures for the acquisition of private property". 2 Official Record, Constitutional Convention 1961, *What the Proposed New State Constitution Means to You,* p 3403.

---

[7] *Herro v Chippewa County Road Commissioners,* 368 Mich 263; 118 NW2d 271 (1962); *Buckeye Union Fire Insurance Co v Michigan,* 383 Mich 630; 178 NW2d 476 (1970). For an old but interesting discussion of this question of a taking without adequate compensation *see Pumpelly v Green Bay Co,* 80 US (13 Wall) 166, 181; 20 L Ed 557 (1871).

IV

In a case factually similar to the one at bar, the Court of Appeals, Judge DANHOF writing, found the school district, superintendent and principal clothed in immunity, but the negligence of defendant teachers-coaches to be personal, thereby removing them from the protection of governmental immunity. *Lovitt v Concord School District,* 58 Mich App 593, 602; 228 NW2d 479 (1975). In *Lovitt,* the teachers-coaches had required a particularly severe football session in August heat. Plaintiff had died of heat prostration as a result. The Court cited with approval 22 Callaghan's Michigan Civil Jurisprudence, Schools and Education, § 148, p 194:

" 'The immunity which attaches to the performance of a governmental function protects not only the incorporate district or board of education, but also the individual members of the board, or school officers, who execute that function, where the duty that is breached is one that is imposed on the entity and not the individual.

" 'Where, however, the injuries for which redress is sought are attributable to the individual tort or negligence of a particular official, agent, or employee, the person himself is liable although the district or board is not.' "

Similarly, Mr. Kirkeby may be personally liable for the injury which he personally committed outside the scope of his employment. Mr. Adams cannot be held individually liable and neither the school board nor Mr. Adams can be held corporately liable under the law as it exists.

V

Plaintiff also pleads public nuisance, but the

facts do not support that legal concept. Being without merit, it is not further discussed.

## VI—CONCLUSION

The school board and Mr. Adams at all times were acting within the exercise of their duties. The applicable statute grants immunity to school districts from tort liability in *all* cases in which it is acting within its governmental function with certain exceptions, none of which apply to these facts. We must not confuse Mr. Kirkeby's personal liability with that of the others. In clear language, the Legislature has spoken. If it finds it better public policy to exclude governmental units from immunity in cases where employees act outside of their scope of employment and commit personal offenses, the Legislature should act accordingly. To be considered would be the impact upon school board members and school administrators made to assume responsibility for hundreds or thousands of teachers and other employees for personal aberrations outside of the realm of their governmental functions. If the Legislature does provide for such liability, the school districts should have notice so that they may seek adequate insurance or, if none is available, they may establish within the budget a fund to cover such various personal excursions of employees as here alleged.

Reverse and remand for proceedings consistent with this opinion.

LINDEMER, J., concurred with COLEMAN, J.