DUNCAN v CITY OF DETROIT

Oᴘɪɴɪᴏɴ ᴏꜰ ᴛʜᴇ Cᴏᴜʀᴛ

1. Tᴏʀᴛꜱ—Gᴏᴠᴇʀɴᴍᴇɴᴛᴀʟ Iᴍᴍᴜɴɪᴛʏ—Sᴛᴀᴛᴜᴛᴇꜱ—Cᴏᴍᴍᴏɴ-Lᴀᴡ Iᴍ-
ᴍᴜɴɪᴛʏ.

Immunity from tort liability under the governmental immunity
statute in cases wherein a governmental agency is engaged in
the exercise or discharge of a governmental function includes
those governmental activities which were immune from liabil-
ity at common law at the time of the enactment of the statute
(MCLA 691.1407; MSA 3.996[107]).

2. Hᴏꜱᴘɪᴛᴀʟꜱ—Tᴏʀᴛꜱ—Cᴏᴍᴍᴜɴɪᴛʏ Oᴡɴᴇᴅ Hᴏꜱᴘɪᴛᴀʟꜱ—Gᴏᴠᴇʀɴᴍᴇɴ-
ᴛᴀʟ Fᴜɴᴄᴛɪᴏɴꜱ—Gᴏᴠᴇʀɴᴍᴇɴᴛᴀʟ Iᴍᴍᴜɴɪᴛʏ—Sᴛᴀᴛᴜᴛᴇꜱ.

The operation of a community owned hospital is a governmental
function, and the treatment and diagnosis of an injury by the
hospital personnel is an activity within the exercise or dis-
charge of that governmental function and is therefore immune
from tort liability because of the governmental immunity stat-
ute (MCLA 691.1407; MSA 3.996[107]).

Dɪꜱꜱᴇɴᴛ ʙʏ T. M. Bᴜʀɴꜱ, P. J.

3. Hᴏꜱᴘɪᴛᴀʟꜱ—Tᴏʀᴛꜱ—Gᴏᴠᴇʀɴᴍᴇɴᴛᴀʟ Fᴜɴᴄᴛɪᴏɴꜱ—Gᴏᴠᴇʀɴᴍᴇɴᴛᴀʟ
Iᴍᴍᴜɴɪᴛʏ—Sᴛᴀᴛᴜᴛᴇꜱ.

*A hospital should not be granted immunity from tort liability
under the governmental immunity statute where hospital per-
sonnel sewed gauze into a laceration in a plaintiff's scalp and
failed to discover the error on subsequent examinations because
sewing gauze into a wound and subsequently failing to discover
the error is not a governmental function (MCLA 691.1407; MSA
3.996[107]).*

Rᴇꜰᴇʀᴇɴᴄᴇꜱ ꜰᴏʀ Pᴏɪɴᴛꜱ ɪɴ Hᴇᴀᴅɴᴏᴛᴇꜱ
[1] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 27,
32.
[2] 40 Am Jur 2d, Hospitals and Asylums § 22.
[3] 40 Am Jur 2d, Hospitals and Asylums §§ 18, 24.

Appeal from Wayne, Thomas J. Foley, J. Submitted May 4, 1977, at Detroit. (Docket No. 27729.) Decided September 21, 1977. Leave to appeal applied for.

Complaint by Jane Duncan against the City of Detroit for damages for negligent diagnosis and treatment at Detroit General Hospital. Summary judgment for defendant. Plaintiff appeals. Affirmed.

*Clark, Hardy, Lewis & Fine, P. C.* (by *Jerome H. Solomon*), for plaintiff.

*Kitch & Suhrheinrich, P. C.* (by *Gregory Drutchas*), for defendant.

Before: T. M. BURNS, P. J., and BRONSON and C. W. SIMON,* JJ.

PER CURIAM. Plaintiff sued to recover damages allegedly caused by negligent diagnosis and treatment of a scalp laceration at Detroit General Hospital. Upon defendant's motion, summary judgment was granted for defendant on the basis of governmental immunity. MCLA 691.1407; MSA 3.996(107).

That governmental immunity statute provides:

"Sec. 7. Except as in this act otherwise provided, all governmental agencies shall be immune from tort liability in all cases wherein the government agency is engaged in the exercise or discharge of a governmental function. Except as otherwise provided herein, this act shall not be construed as modifying or restricting the immunity of the state from tort liability as it existed heretofore, which immunity is affirmed."

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"Governmental functions" immune under the statute include those governmental activities which were immune at common law at the time of the enactment of the statute. *Thomas v Department of State Highways,* 398 Mich 1; 247 NW2d 530 (1976), *White v Detroit,* 74 Mich App 545; 254 NW2d 572 (1977).

A long, unbroken line of cases have held that the operation of a community owned hospital is a governmental function. *See, e.g., Snow v Freeman,* 55 Mich App 84; 222 NW2d 43 (1974), *White v Detroit, supra.* That is not the end of our inquiry, however, because we must examine the specific complained-of activity and determine whether it is within "the exercise or discharge of a governmental function". See *Galli v Kirkeby,* 398 Mich 527; 248 NW2d 149 (1976) (WILLIAMS, J.). In the instant case, the complained-of activity is the treatment and diagnosis of plaintiff's injury. This is within "the exercise or discharge of a governmental function", *White v Detroit, supra,* just as, for example, tunneling was in *Thomas,* or hiring and firing employees was in *Galli.*

It is also implicit within the recent Michigan Supreme Court cases that the governmental immunity statute does not violate the equal protection or due process clauses of the United States or Michigan Constitutions. *White v Detroit, supra.* See *Thomas v Department of State Highways, supra.*

Summary judgment for defendant is affirmed. Costs to appellee.


T. M. BURNS, P. J. *(dissenting).* In her complaint, plaintiff alleged that she fell and suffered a laceration of the scalp. She went to the hospital and was

treated. When hospital employees sutured the laceration, they failed to remove gauze or packing material from the wound. Plaintiff returned to the hospital several times between July 17, 1971, and October 12, 1972, complaining of pain in the area of the laceration. Hospital personnel failed to discover the embedded material. Sewing gauze into a wound and subsequently failing to discover that error is not a governmental function. *White v Detroit,* 74 Mich App 545, 548; 254 NW2d 572 (1977) (T. M. BURNS, J., dissenting).

I would reverse the trial court order granting summary judgment for the defendants.