BLOSS *v.* WILLIAMS

1. JUDGMENT—SUMMARY JUDGMENT—NECESSITY OF AFFIDAVIT.
   A motion for summary judgment by defendant is appropriate
   to test whether or not a plaintiff has stated a cause of action;
   but such a motion usually necessitates affidavits and can be
   granted from the face of the pleadings only if the pleadings
   affirmatively show the existence of every fact necessary for a
   complete defense and disclose a fatal defect which cannot be
   corrected by amendment of the complaint.

2. OFFICERS—PERFORMANCE OF DUTIES—DEFENSES—GOVERNMENTAL
   IMMUNITY—PROSECUTING ATTORNEY.
   A district attorney or prosecuting attorney is a quasi-judicial
   officer and is not liable for damages or omissions within the
   scope of official duties; he may be held liable only for actions
   beyond that scope.

3. SAME—PERFORMANCE OF DUTIES—ARREST—PROSECUTING ATTOR-
   NEY.
   Investigation of circumstances under which a warrant for arrest
   is justified is within the scope of the duties and powers of a
   prosecuting attorney.

4. SAME—PROSECUTING ATTORNEY—SCOPE OF DUTY—ARREST—SEI-
   ZURE OF EVIDENCE—DEFENSES—GOVERNMENTAL IMMUNITY.
   Prosecutor who determined that a misdemeanor was being com-
   mitted in his presence and directed a deputy sheriff to make
   an arrest and seize certain evidence *held*, along with the deputy,
   immune from damage liability in an action for wrongful arrest
   and wrongful seizure of property brought by the employer of
   the arrested person and owner of the seized property after the
   prosecutor's complaint had been dismissed.

REFERENCES FOR POINTS IN HEADNOTES
[1] 41 Am Jur, Pleading § 40 *et seq.*
[2–4] 5 Am Jur 2d, Arrest § 112; 42 Am Jur, Prosecuting Attorneys
   § 21.

Appeal from Kent, Vander Wal (John H.), J. Submitted Division 3 February 6, 1968, at Grand Rapids. (Docket No. 4,274.) Decided December 24, 1968.

Complaint by Floyd Bloss against Richard C. Williams and James K. Miller for damages resulting from a wrongful arrest and wrongful seizure of property. Defendants' motion for summary judgment granted. Plaintiff appeals. Modified and affirmed.

*Graham & Johnson,* for plaintiff.

*Vander Veen, Freihofer & Cook,* for defendants.

BOWLES, J. Floyd Bloss, plaintiff, appeals from the grant of a summary judgment in favor of defendants, Richard Williams and James Miller. Plaintiff was, on April 24, 1965, the operator of the Stardust Drive-In Theatre in Kent county. On that date, defendant Miller was the prosecuting attorney for the county and defendant Williams was a county deputy sheriff.

The amended complaint alleges:

"That on the said date, the defendant, Richard C. Williams, in company with and at the direction of the defendant James K. Miller, proceeded to the projection room of the said Stardust Drive-In Theatre and placed an employee of the plaintiff, one John V. Whitman, under arrest.

"That the defendant Richard C. Williams was acting at the time in pursuance of his employment as a deputy sheriff, and was at the direction of the defendant, James K. Miller.

"That the said defendant, Richard C. Williams had no warrant for the arrest of the said John V. Whitman.

"That no misdemeanor, or any crime whatsoever, was committed in the presence of the said Richard C. Williams at the said time and place, nor had any breach of the peace been committed by the said John V. Whitman.

"That pursuant to the said arrest, John V. Whitman was taken into custody and his liberty restrained by the defendant, Richard C. Williams and other officers at his direction.

"That pursuant to the said arrest, the defendant, Richard C. Williams, also at the direction of defendant, James K. Miller, seized certain motion picture films at the said time and place, to-wit: two motion picture films entitled 'The Fourth Sex' and 'Sexus.'

"That the said motion picture films were rightfully in the possession of the plaintiff, Floyd Bloss or his employees.

＊　　　＊　　　＊

"That as a direct and proximate result of the said illegal arrest of John V. Whitman, and of the illegal seizure of the said motion picture films, the plaintiff, Floyd Bloss, suffered irretrievable business losses resulting from the fact that the said films were unavailable for showing and therefore he was unable to open his theater for business, for a substantial period of time."

The criminal proceeding against Floyd Bloss was dismissed at preliminary examination.

Defendants moved for summary judgment, without filing an answer, on 2 grounds: quasi-judicial immunity and failure to state a claim upon which relief could be granted. The motion was granted because, in the trial court's words, "Both the prosecuting attorney who acted in his quasi-judicial capacity and the police officer who acted at his direction are immune from civil liability."

Plaintiff Bloss was not falsely arrested, it is conceded. He was arrested on April 24, 1965 after

warrant had been issued. Complaint here is based upon the illegal arrest of plaintiff's employee, John V. Whitman, who is no longer a party plaintiff. Because of the illegal arrest of employee Whitman and the seizure of the film, plaintiff Bloss claims damages.

A motion for summary judgment was inappropriate. This motion is appropriate to test whether or not a plaintiff has stated a cause of action, and such a motion necessitates affidavits and cannot be granted from the face of the pleadings unless the pleadings: (1) affirmatively show the existence of every fact necessary for a complete defense, *Brooks v. Fields* (1965), 375 Mich 667, and (2) disclose a fatal defect which could not be corrected by amendment, *Nuyen v. Slater* (1964), 372 Mich 654.

Rather, the appropriate motion here would have been a motion for accelerated judgment under GCR 1963, 116. Assuming that the appropriate motion— that for accelerated judgment—had been filed, the question preliminarily is whether the asserted defense, quasi-judicial immunity, is a legal bar to plaintiff's claim.

The general rule is set forth in 27 CJS, District and Prosecuting Attorneys, § 16, p 680, "A district attorney or prosecuting attorney is not liable for damages or omissions within the scope of official duties, although he may be held responsible for acts beyond that scope." In *Bauers v. Heisel* (CA 3, 1966), 361 F2d 581, 589, the Circuit Court of Appeals for the Third Circuit ruled:

"In deciding the question of whether a prosecuting attorney is liable for acts done in his official capacity, we must decide whether his duties are sufficiently judicial as to cloak him with the same immunity afforded judges or are so closely related to those duties of law enforcement officials as to amerce him

with potential civil liability for his imprudent actions. . * * *"

The rationale is set forth in *Yaselli* v. *Goff* (CA 2, 1926), 12 F2d 396, 406:

"* * * The public interest requires that persons occupying such important positions and so closely identified with the judicial departments of the government should speak and act freely and fearlessly in the discharge of their important official functions. * * *"

As to the scope of the immunity, Judge Learned Hand, in *Gregoire* v. *Biddle* (CA 2, 1949), 177 F2d 579, 581, observed:

"The decisions have, indeed, always imposed as a limitation upon the immunity that the official's act must have been within the scope of his powers; and it can be argued that official powers, since they exist only for the public good, never cover occasions where the public good is not their aim, and hence that to exercise a power dishonestly is necessarily to overstep its bounds. A moment's reflection shows, however, that that cannot be the meaning of the limitation without defeating the whole doctrine. What is meant by saying that the officer must be acting within his power cannot be more than that the occasion must be such as would have justified the act, if he had been using his power for any of the purposes on whose account it was vested in him. * * *"[1]

---

[1] In *Bauers* v. *Heisel, supra,* the following were given as reasons for immunity: 1) the danger of influencing public officials by threat of public lawsuit, 2) the deterrent effect of potential liability on men who are considering entering public life, 3) the drain on the valuable time of the official caused by insubstantial suits, 4) the unfairness of subjecting officials to liability for the acts of their subordinates, 5) the theory that the official owes a duty to the public and not to the individual, 6) the feeling that the ballot and the formal removal proceedings are more appropriate ways to enforce honesty and efficiency of public officers. See 66 Harv L Rev 1285, 1295 (1953).

In this State, a prosecuting attorney has been considered a quasi-judicial officer. *People* v. *Bemis* (1883), 51 Mich 422, 424. CL 1948, § 764.1 (Stat Ann 1954 Rev § 28.860) provides as to allowance of warrants by prosecuting attorneys:

"* * * Provided, however, That it shall not be lawful for any of the above named public officials to issue warrants in any criminal cases * * * until an order in writing allowing the same is filed with such public officials and signed by the prosecuting attorney for the county, or unless security for costs shall have been filed with said public officials."

It is the duty of the prosecuting attorney to determine whether or not a warrant is necessary in a given criminal arrest situation. Such a statute, being remedial in character, is according to rules of construction to be liberally construed. The prosecutor's powers and duties include not only those expressly set forth in the statute but also such additional functions as may be necessarily implied from those specifically mentioned. 27 CJS, District and Prosecuting Attorneys, § 10. The prosecuting attorney's duties extend to investigation. In *People* v. *Holbrook* (1964), 373 Mich 94, a prosecution for a game law violation was held unlawful where the warrant was issued by a justice of the peace without endorsement by the prosecuting attorney. The Court said:

"The policy behind the statute would appear to be to insure orderly procedure by, in the main, funnelling all law enforcement through the prosecuting attorney * * *."

See, also, *People* v. *Carter* (1967), 379 Mich 24. An investigation of circumstances under which a warrant for arrest is justified is within the scope of the duties and powers of a prosecuting attorney.

*Schneider* v. *Shepherd* (1916), 192 Mich 82, 87, 88, cited by plaintiff, is distinguishable from the case at bar. In that case the prosecuting attorney of Wayne county employed 2 private investigators from Chicago to investigate houses of prostitution in Detroit. These investigators reported that they had visited some 50 houses including one at 291 Brush Street. The name of the owner was not given and the defendant prosecuting attorney made no effort to obtain it. Some three weeks later the defendant prosecuting attorney wrote the police commissioner giving him some 50 addresses and directing him to raid the premises and bring in all persons found to police headquarters. One of these addresses was 291 Brush Street. The officers there arrested the plaintiff, who was in bed, as were his wife and child. The plaintiff dressed and accompanied the officers out of the house. Meanwhile, defendant had been advised that there was an error as to the address and directed the officers to release the plaintiff. This was done.

The Court quoted from the opinion of the trial judge, who had said:

" 'Nothing in this provision can by any construction be made to comprehend the acts involved in this controversy. The investigation of alleged crimes by the prosecuting attorney, through private individuals, the acceptance of their reports as basic information upon which is issued a peremptory order to the police to arrest, without warrant, the suspected criminals, finds no statutory sanction in the prescribed powers and duties of a prosecuting attorney. If he proceed upon such a course of action, he does so at the same peril as does the unofficial citizen. * * *' "

Here, defendant prosecuting attorney was on the scene at the time of the arrest. He determined that

an offense had been committed in his presence and directed a seizure of evidence to aid in the prosecution. He was not relying upon private persons as in *Schneider;* he was assuming a personal responsibility for the gathering of the evidence in the preparation of the case and therefore was acting within the scope of his powers. He therefore is immune from civil liability.

Defendant Richard C. Williams, a deputy sheriff, was acting at the direction of defendant prosecuting attorney. While there is no Michigan controlling authority, federal cases have uniformly recognized immunity in such a factual situation. In *Rhodes* v. *Meyer* (CA 8, 1964), 334 F2d 709, it was held that state supreme court justices, state district judges, prosecuting attorneys, clerks of court, sheriffs, law enforcement officers, prison officials and members of the state integrated bar were immune from actions under the civil rights act for damage allegedly sustained as a result of their performance of official tasks in the connection with the prosecution of plaintiff for contempt. In *Francis* v. *Lyman* (CA 1, 1954), 216 F2d 583, former commissioners of correction, parole board members and superintendents of a state farm and a state reformatory were held immune from civil suit under the civil rights act. 42 USCA, § 1983. In *Peckham* v. *Scanlon* (CA 7, 1957), 241 F2d 761, a former warden of a county jail was held immune from civil liability in an action brought by a penitentiary inmate. Plaintiff there alleged a conspiracy to deprive plaintiff of his civil rights after conviction of robbery. In the same action an official court reporter was held immune.

Here, the prosecuting attorney, on the scene, determined that an offense was being committed and concluded that an arrest without warrant could be made. He directed the deputy sheriff, defendant

Williams here, to act. When defendant Williams so acted at the direction of the prosecuting attorney, he was immunized from civil liability. Accelerated judgments of no cause of action may be entered as to both defendants.

Affirmed.

Fitzgerald, P. J., and J. H. Gillis, J., concurred.