PARVÜ v HARRISON TOWNSHIP FIRE DEPARTMENT

OPINION OF THE COURT

1. MOTIONS—GOVERNMENTAL IMMUNITY—JUDGMENT—SUMMARY
   JUDGMENT—FAILURE TO STATE CLAIM.

   The proper procedure for bringing a pretrial claim of governmental immunity before a court is by a motion for summary judgment alleging failure to state a claim upon which relief can be granted.

2. MUNICIPAL CORPORATIONS—TORTS—GOVERNMENTAL IMMUNITY—
   EMERGENCY MEDICAL SERVICE—GOVERNMENTAL FUNCTIONS—
   COMMON GOOD.

   The ownership and operation of an emergency medical service vehicle by a municipality for the common good and in the interest of public health is a governmental function protected by statutory governmental immunity (MCLA 691.1401 *et seq.;* MSA 3.996[101] *et seq.).*

3. MUNICIPAL CORPORATIONS—TORTS—GOVERNMENTAL IMMUNITY—
   USE FEES—CHARACTER OF OPERATIONS—PROFITS.

   An attempt by a township to recoup some of the taxpayer's costs of maintaining an emergency medical service vehicle by charging a fee for its use does not change the governmental character of the operation where the use fee is not shown to result in a profit to the township.

4. TORTS—GOVERNMENTAL IMMUNITY—COMPETITIVE OPERATION—GOV-
   ERNMENTAL FUNCTIONS.

   The application of governmental immunity is not precluded by the fact that a governmental function is operated in competition with privately-owned facilities.

REFERENCES FOR POINTS IN HEADNOTES

[1, 5] 73 Am Jur 2d, Summary Judgment §§ 1, 17, 26 *et seq.*
[2–4] 39 Am Jur 2d, Health § 18.
   40 Am Jur 2d, Hospitals and Asylums § 20 *et seq.*
   57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 118, 119.

PARTIAL CONCURRENCE BY D. E. HOLBROOK, P. J.

5. MOTIONS—GOVERNMENTAL IMMUNITY—JUDGMENT—ACCELERATED
    JUDGMENT—PREJUDICE—HARMLESS ERROR.

   *A motion for accelerated judgment is the proper means to raise
   the defense of governmental immunity, but where summary
   judgment was granted and no prejudice resulted reversal is not
   required.*

Appeal from Macomb, Raymond R. Cashen, J. Submitted March 1, 1977, at Detroit. (Docket No. 28964.) Decided May 4, 1977. Leave to appeal applied for.

Complaint by Dennis Parvu, by his next friend Theodore Parvu, and Sandra Parvu, by her next friend Joseph Parvu, against Gertrude M. Winstanley and others seeking damages for injuries sustained in an automobile-motorcycle collision. As part of the suit plaintiff Sandra Parvu alleged that defendant Harrison Township Fire Department was liable for aggravation of her injuries. Accelerated judgment for defendant Harrison Township Fire Department. Plaintiff appeals. Affirmed.

*Clifford R. Williams,* for plaintiff Sandra Parvu.

*John N. Highland,* for defendant Harrison Township Fire Department.

Before: D. E. HOLBROOK, P. J., and BASHARA and W. F. HOOD,* JJ.

BASHARA, J. Plaintiffs brought a suit against several defendants concerning an automobile-motorcycle accident which caused injuries to the plaintiffs. As part of the suit plaintiff Sandra Lou Parvu, through her next friend Joseph Parvu, alleged that the defendant fire department was liable for aggravation of her injuries. She claimed

---

* Circuit judge, sitting on the Court of Appeals by assignment.

this was due to the negligence and malpractice of the attendant of an emergency medical service (EMS) vehicle operated by the defendant.

Shortly after the accident the attendants had provided some on-the-scene treatment to the plaintiff's injured leg and had subsequently transported the plaintiff to a hospital in the EMS unit. Plaintiff now appeals from a grant of accelerated judgment in favor of the defendant.[1]

The sole issue on appeal is whether an EMS unit owned and operated by a municipality is shielded from liability in tort actions by the doctrine of governmental immunity. Recently the Michigan Supreme Court decided a number of cases dealing with this area of the law. In *Pittman v City of Taylor,* 398 Mich 41; 247 NW2d 512 (1976), the Supreme Court abrogated Michigan's common law doctrine of governmental immunity. If immunity exists in the present case, it does so through statutory authority.

Statutory governmental immunity is governed by MCLA 691.1401 *et seq.;* MSA 3.996(101) *et seq.* Immunity is afforded to all governmental agencies as follows:

"Except as in this act otherwise provided, *all govern-*

---

[1] Defendant originally brought a motion for "accelerated and/or summary judgment" under GCR 1963, 116.1 and GCR 1963, 117.2(3). The defendant claimed that the trial court lacked jurisdiction to hear the case because of the doctrine of governmental immunity. The court granted accelerated judgment but did not specify the grounds for its decision. This Court feels that the proper procedure for bringing a pretrial motion on governmental immunity is through summary judgment under GCR 117.2(1), alleging failure to state a claim on which relief can be granted. *See McCann v Michigan,* 398 Mich 65; 247 NW2d 521 (1976) (Ryan, J. con.), *Bush v Oscoda Area Schools,* 72 Mich App 670; 250 NW2d 759 (1976) (Peterson, J. con.). We do not feel that accelerated judgment, either under GCR 116.1 or 116.5, is appropriate. *See Stewart v Troutt,* 73 Mich App 378; 251 NW2d 594 (1977). Even though the trial court granted accelerated judgment we may still consider whether summary judgment would be appropriate, since there is no prejudice to the appellant. *Stewart v Troutt, supra.*

*mental agencies shall be immune from tort liability in
all cases wherein the government agency is engaged in
the exercise or discharge of a governmental function.*
Except as otherwise provided herein, this act shall not
be construed as modifying or restricting the immunity
of the state from tort liability as it existed heretofore,
which immunity is affirmed." (Emphasis added.) MCLA
691.1407; MSA 3.996(107).

The statute does not define the term "governmental function".

In *Thomas v Department of State Highways,* 398
Mich 1; 247 NW2d 530 (1976), the Supreme Court
held that pre-existing common law interpretations
of the term would have to be used to determine
the scope of the statute.

"It is therefore reasonable to conclude that the Legislature, in choosing the precise terminology of 'governmental function' to describe the limits of governmental immunity, intended that activities described as governmental functions at common law at the time of enactment of the new legislation would enjoy *statutory* immunity from tort liability." 398 Mich at 10.

The *Thomas* Court further stated that in cases
where the case law precedent is not clear, courts
would have to use their "creative genius" in deciding whether a particular government activity is a
governmental function. 398 Mich at 11.

A review of prior case law reveals no decision
dealing directly with the operation of a municipally-owned EMS unit. The cases that are closest
in comparison to the present matter are those
regarding public hospitals. In *Snow v Freeman,* 55
Mich App 84; 222 NW2d 43 (1974), the Court
stated Michigan law as well settled that the operation of a municipally-owned hospital is a governmental function, since a hospital is intended to

benefit the health of the general community. The *Snow* Court based its decision on the test for governmental functions set forth in *Gunther v Cheboygan County Road Commissioners,* 225 Mich 619, 621; 196 NW 386 (1923):

"The underlying test is whether the act is for the common good of all without the element of special corporate benefit or pecuniary profit."

We believe that an EMS unit operates, as does a hospital, for the common good and in the interest of public health. That being the case statutory governmental immunity applies unless some special benefit or profit can be shown.

The plaintiff argues that an EMS unit is not like a hospital because the EMS vehicle operates in direct competition with private ambulance services at competitive rates. However, the corresponding fact is that public hospitals also compete directly with privately-owned facilities. This competition element has not precluded the application of immunity.

The plaintiff finally argues that since the defendant charges a $35 fee for the use of the EMS unit the operation of that unit must be a proprietary function. The charging of a fee does not in itself change the character of the operation. *Snow v Freeman, supra, Lockaby v Wayne County,* 63 Mich App 185, 190–191; 234 NW2d 444 (1975). The fact that the township attempts to recoup some of the taxpayers' cost of maintaining the unit does not imply that the intent is to make a pecuniary profit. No evidence has been presented to this Court to show that the use fee actually results in any form of profit for the defendant.

Affirmed, costs to defendant.

W. F. Hood, J., concurred.

D. E. Holbrook, P. J. *(concurring in part).* This writer concurs in the result in the opinion of the majority in the instant case. However, this writer cannot agree with footnote 1 of the majority opinion which indicates that the trial court technically erred by granting a motion for accelerated judgment pursuant to GCR 1963, 116.1(5) rather than summary judgment pursuant to GCR 1963, 117.2(1). This writer has recently considered this problem and concluded that accelerated judgment is the proper vehicle to raise the defense of governmental immunity. *Robinson v Emmet County Road Commission,* 72 Mich App 623, 634–637; 251 NW2d 90 (1976). See also *Lockaby v Wayne County,* 63 Mich App 185, 187, fn 1; 234 NW2d 444 (1975), *Buddy v Department of Natural Resources,* 59 Mich App 598, 599, fn 1; 229 NW2d 865 (1975), *Bloss v Williams,* 15 Mich App 228, 231; 166 NW2d 520 (1968). Nevertheless, there was no prejudice and any technical impropriety does not result in reversible error. *Buddy, supra, Bloss, supra.* Compare *Robinson, supra.* This writer would fully affirm the trial court's grant of accelerated judgment.