WEAVER v DUFF NORTON COMPANY

Docket No. 53598. Submitted January 22, 1982, at Detroit.—Decided March 23, 1982.

Jeffrey Weaver, a student of the Waterford School District, was provided a part-time job as a welder with the Clawson Tank Company as part of the school's vocational education program. While on the premises of the tank company and while engaged in his duties under that program, Weaver suffered severe injuries to his right foot when an object fell on his foot. Weaver filed suit in Oakland Circuit Court against Duff Norton Company, the manufacturer of the hoist equipment which allegedly caused the injury, the Waterford District School Board and others alleging among other charges that the school board was negligent in operating the vocational program. The court, Francis X. O'Brien, J., denied a motion for summary judgment by the school board based on governmental immunity. The school board appeals by leave granted. *Held:*

A public school district's operation of a vocational education program is a governmental function within the meaning of the statute providing for governmental immunity because vocational education programs are an integral part of the curriculum of modern secondary schools. The plaintiff cannot invoke the public building exception to governmental immunity because he failed to plead it in his complaint and failed to raise it below and because plaintiff was not injured in a public building.

Reversed and remanded with instructions.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT — FAILURE TO STATE CLAIM — SUFFICIENCY OF PLEADINGS — COURT RULES.

A motion for summary judgment on the ground that a party

REFERENCES FOR POINTS IN HEADNOTES

[1] 61A Am Jur 2d, Pleading § 231.

73 Am Jur 2d, Summary Judgment §§ 26, 27.

[2] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 11, 16.

Modern status of doctrine of sovereign immunity as applied to public schools and institutions of higher learning. 33 ALR3d 703.

[3, 4] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 31.

[5] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 38.

failed to state a claim upon which relief can be granted challenges the legal sufficiency of the pleadings alone and is to be tested by whether, accepting all well-pleaded facts as true, the claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery (GCR 1963, 117.2[1]).

2. GOVERNMENTAL IMMUNITY — SCHOOLS — TORTS — STATUTES.

The operation of a public school is a governmental function and a governmental agency so engaged is immune from tort liability (MCL 691.1407; MSA 3.996[107]).

3. GOVERNMENTAL IMMUNITY — STATES — TORTS — GOVERNMENTAL FUNCTION.

The crux of the governmental essence test for deciding whether a governmental agency is immune by statute from liability for a tort should be an inquiry whether the purpose, planning and carrying out of the activity, due to its unique character or governmental mandate, can be effectively accomplished only by the government; unless liability would be an unacceptable interference with government's ability to govern, activities that fall outside this guideline, although performed by a government agency, are not governmental functions and therefore the agency is not immune (MCL 691.1407; MSA 3.996[107]).

4. GOVERNMENTAL IMMUNITY — GOVERNMENTAL FUNCTION.

The Court of Appeals is constrained to focus on the precise activity giving rise to a plaintiff's claim, rather than overall or principal departmental operations, in determining whether a particular governmental activity is a governmental function for purposes of governmental immunity.

5. GOVERNMENTAL IMMUNITY — PUBLIC SCHOOLS — VOCATIONAL EDU-CATION PROGRAMS — STATUTES.

A public school district's operation of a vocational education program is a governmental function within the meaning of the statute providing for governmental immunity because vocational education programs are an integral part of the curriculum of modern secondary schools (MCL 691.1407; MSA 3.996[107]).

*Samuel I. Bernstein,* for plaintiff.

*Ogne, Jinks, Ecclestone & Alberts, P.C.* (by *Den-*

*nis D. Alberts* and *Stephen T. Moffett),* for defendant.

Before: N. J. Kaufman, P.J., and V. J. Brennan and R. L. Tahvonen,* JJ.

Per Curiam. Defendant Waterford District School Board appeals by leave granted from a June 11, 1980, Oakland County Circuit Court order denying its motion for summary judgment, GCR 1963, 117.2(1), based on the statute on governmental immunity, MCL 691.1407; MSA 3.996(107).

As part of its educational program, the Waterford District School Board operates a vocational education program under which students hold part-time jobs with private companies, learning skills and performing tasks within the students' chosen fields. In this case, plaintiff was provided a job with the Clawson Tank Company as a welder as part of his vocational education training. While on the premises of the company and while engaged in his duties under that program, plaintiff suffered severe injuries to his right foot when an object fell on his foot on December 31, 1975.

Plaintiff commenced this personal injury action in Oakland County Circuit Court on December 13, 1978. His complaint alleged, *inter alia,* that the Waterford District School Board was negligent in the following respects: (a) failing to adequately supervise the work areas and conditions at the Clawson Tank Company; (b) failing to adequately instruct or warn plaintiff of the dangers associated with his work at the company; (c) failing to adequately instruct plaintiff in the proper and safe

* Circuit judge, sitting on the Court of Appeals by assignment.

procedures for performing his work; and (d) allowing, directing, and/or instructing plaintiff to work in an area that the school district knew or should have known was dangerous.

The issue in this case is whether a public school district's operation of a vocational education program is a governmental function.

A motion based on GCR 1963, 117.2(1), challenges the legal sufficiency of the complaint and is to be considered by an examination of the pleadings alone. It is the duty of the reviewing court to accept as true well-pled facts in the complaint and to determine whether those claims are so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery. *Duhame v Kaiser Engineering of Michigan, Inc,* 102 Mich App 68, 71; 300 NW2d 737 (1980), *lv den* 411 Mich 955 (1981).

The question presented in this case is one of first impression. In four recent cases, this Court has held that the operation of a public school is a governmental function. *Deaner v Utica Community School Dist,* 99 Mich App 103; 297 NW2d 625 (1980), *Churilla v School Dist for City of East Detroit,* 105 Mich App 32; 306 NW2d 381 (1981), *Smith v Mimnaugh,* 105 Mich App 209; 306 NW2d 454 (1981), *Everhart v Board of Education of Roseville Community Schools,* 108 Mich App 218; 310 NW2d 338 (1981). In *Gaston v Becker,* 111 Mich App 692; 314 NW2d 728 (1981), this Court held that the hiring and supervising of public school teachers is a governmental function. See also *Holzer v Oakland University,* 110 Mich App 355; 313 NW2d 124 (1981) (operation of a state university is a governmental function immune from tort liability). However, no case has considered the question of whether a public school district's operation of a

vocational eduation program is a governmental function.

The cases of *Parker v Highland Park,* 404 Mich 183; 273 NW2d 413 (1978), and *Perry v Kalamazoo State Hospital,* 404 Mich 205; 273 NW2d 421 (1978), provide the relevant legal guidelines for determining whether a particular governmental activity is a governmental function for purposes of the immunity statute, MCL 691.1407; MSA 3.996(107). In *Parker,* the Court held that the operation of a public general hospital is not a governmental function. In *Perry,* it held that the operation of a state mental hospital is a governmental function.

Justices KAVANAGH, LEVIN and FITZGERALD "limit the term 'governmental function' to those activities *sui generis* governmental—of essence to governing". *Parker, supra,* 193 (plurality opinion of FITZGERALD, J.); *Perry, supra,* 215 (dissenting opinion of KAVANAGH, C.J.). In the view of these three justices, a governmental function is restrictively defined as one that "can be done only by the government". *Id.* Justices RYAN, WILLIAMS, and Chief Justice COLEMAN "look to the common law for guidance in determining whether, in a given case, a governmental agency is exercising or discharging a 'governmental function' for purposes of the immunity statute". *Parker, supra,* 203 (dissenting opinion of RYAN, J.). These three justices apply the broad "common good of all" definition of governmental function. *Id.*

Justice MOODY emerged as the swing vote in *Parker* and *Perry.* He agrees that only those activities of essence to governing are governmental functions, but he applies the governmental essence test more expansively than Justices FITZGERALD, KAVANAGH and LEVIN:

"It is held today that activity conducted in a general hospital operated by a municipality is not a governmental function for immunity purposes. This conclusion is predicated on the basis that the term 'governmental function' is limited to those activities *sui generis* governmental—of essence to governing.

"In *Thomas,* it was suggested that this test meant that a function is not governmental unless the particular activity involved has 'no common analogy in the private sector'. Furthermore, it was observed that the perimeter of governmental function will most often 'run along the line of distinction between decisional and planning aspects of governmental duties on the one hand, and operational aspects on the other'. 398 Mich 21, 22.

"Although these concepts may have some significance in given cases when applying the 'governmental essence' test, in other instances they could be misleading or inapplicable. For instance, it would be incongruous to find that the operational activities of some public agencies are other than governmental. Likewise, conceivably *there could be essential governmental activity which would have some common analogy in the private sector.*

"To delineate a complete and balanced definition of governmental function within a simplistic format would be presumptuous. However, *as a basic guideline, the crux of the governmental essence test should be founded upon the inquiry whether the purpose, planning and carrying out of the activity, due to its unique character or governmental mandate, can be effectively accomplished only by the government.* Unless liability would be an unacceptable interference with the government's ability to govern, activities that fall outside this perimeter, although performed by a government agency, are not governmental functions and therefore not immune." (Emphasis added.) *Parker, supra,* 199-200.

The MOODY analysis begins with a presumption of liability, rather than immunity:

"Participation of modern government in our everyday

existence is so pervasive that any presumption must rightly run to government responsibility and consequent liability rather than to immunity. Present realities dictate viewing immunity as a privilege, limited to those activities uniquely associated with governmental enterprise." *Id.,* 199.

In determining whether a particular governmental activity is a governmental function, this Court is constrained to focus on the precise activity giving rise to a plaintiff's claim, rather than overall or principal departmental operations. *Berkowski v Hall,* 91 Mich App 1, 6-7; 282 NW2d 813 (1979), *Feliciano v Dep't of Natural Resources,* 97 Mich App 101, 106-107; 293 NW2d 732 (1980), *Churchwell v Regents of University of Michigan,* 97 Mich App 463, 469; 296 NW2d 75 (1980). As Justice WILLIAMS stated in *Galli v Kirkeby,* 398 Mich 527, 536; 248 NW2d 149 (1976):

"[T]he test is not whether the governmental unit is generally 'engaged in the exercise or discharge of a governmental function'. The dispositive test is whether 'the activity involved in this case' *(Thomas),* 'the complained-of activity' (FITZGERALD's *McCann),* or 'the specific tortious activity alleged' (RYAN's *McCann)* is within the 'exercise or discharge of a governmental function'. *In short, the test of whether a governmental agency can claim immunity under the statute is whether the specific activity alleged against the governmental defendant falls within 'the exercise or discharge of a governmental function'."* (Emphasis added.)

Section 1287(1) of the School Code of 1976, MCL 380.1287(1); MSA 15.41287(1), authorizes school boards to establish vocational education programs:

"The board of a school district other than a primary school district may establish, equip, and maintain vocational education programs and facilities."

We feel that vocational education programs are an integral part of the curriculum of modern secondary schools. Therefore, we hold that a public school district's operation of a vocational education program is a governmental function within the meaning of MCL 691.1407; MSA 3.996(107).

Further, in this case, plaintiff cannot invoke the public building exception to governmental immunity, MCL 691.1406; MSA 3.996(106), because he failed to plead it in his complaint and failed to raise it below. In addition, the statutory exception is not applicable because plaintiff was injured on the premises of the Clawson Tank Company and not in a public building. *Burrill v Michigan,* 90 Mich App 408, 410-411; 282 NW2d 337 (1979).

Therefore, we reverse and remand for the entry of an order granting defendant Waterford District School Board's motion for summary judgment.