REGULSKI v MURPHY

Docket No. 57956. Submitted June 16, 1982, at Detroit.—Decided
    September 9, 1982. Leave to appeal applied for.

James Regulski, a high school senior, was injured on the site of a
    house being constructed by students as part of a building trades
    class which was offered as part of the high school curriculum
    by the Wayne-Westland School District. The house, when com-
    pleted, was to be sold to a private buyer. Regulski brought a
    negligence action in Wayne Circuit Court against William
    Murphy, the shop trades supervisor of the school district, Leo
    Hansen, the teacher of the building trades class, and the
    Wayne-Westland School District. Defendants moved for sum-
    mary judgment on the basis of governmental immunity. Mau-
    reeen P. Reilly, J., granted defendants' motion. Plaintiff ap-
    peals. *Held:*

    1. The building of a house as part of a high school building
    trades class is part of the high school curriculum and, there-
    fore, is a governmental function which entitles the school
    district to governmental immunity.

    2. The supervisor and teacher in the performance of their
    duties in administering the school district's building trades
    curriculum are protected from liability by the school district's
    immunity.

    Affirmed.

1. Governmental Immunity — Public Schools — Vocational Edu-
        cation Programs — Governmental Function.

    A public school district's operation of a vocational education
    program is a governmental function within the meaning of the
    statute providing for governmental immunity because voca-
    tional education programs are an integral part of the curricu-

References for Points in Headnotes
[1-3] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 38 *et
    seq.*
    68 Am Jur 2d, Schools § 5.
    72 Am Jur 2d, States, Territories, and Dependencies § 99 *et seq.*
[2] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 155.

lum of modern secondary schools (MCL 691.1407; MSA 3.996[107]).

2. GOVERNMENTAL IMMUNITY — PUBLIC SCHOOLS — VOCATIONAL EDU-
   CATION PROGRAMS — GOVERNMENTAL FUNCTION.

   The building of a house as part of a school district's vocational
   education program is a governmental function within the
   meaning of the governmental immunity statute even though
   the house is ultimately to be sold to a private buyer (MCL
   691.1407; MSA 3.996[107]).

3. GOVERNMENTAL IMMUNITY — PUBLIC SCHOOLS — VOCATIONAL EDU-
   CATION PROGRAMS — SHOP TRADES SUPERVISOR — TEACHERS.

   A supervisor of a public school district's shop trades vocational
   education program or a teacher in such program, while in the
   performance of his duties in administering such program, is
   protected by the governmental immunity of the school district
   in its performance of an educational function (MCL 691.1407;
   MSA 3.996[107]).

*Harry D. Hirsch, Jr. (E. R. Whinham,* of coun-
sel), for plaintiff.

*Garan, Lucow, Miller, Seward, Cooper & Becker,
P.C.,* for defendants.

Before: V. J. BRENNAN, P.J., and D. C. RILEY and
V. R. PAYANT,* JJ.

PER CURIAM. Plaintiff appeals as of right the
trial court's order granting defendant's motion for
summary judgment, GCR 1963, 117.2(1), on the
basis of governmental immunity.

Plaintiff filed a complaint for damages arising
from an injury occurring at the site of a house
construction project. At the time of the injury,
plaintiff was a high school senior enrolled in Build-
ing Trades Class II, which is part of the high
school curriculum of the defendant school district.

* Circuit judge, sitting on the Court of Appeals by assignment.

The students enrolled in the class constructed a home which was then sold to a private buyer.

Plaintiff was injured while attempting to hammer a nail into a piece of plywood. When plaintiff struck the nail, it bounced free of the wood and struck plaintiff in the left eye. Plaintiff was not wearing safety glasses at the time of the injury. In his complaint, plaintiff alleged acts of carelessness, wrongdoing, and negligence in failing to dismiss the class when the defendant teacher left the job site and in allowing plaintiff to continue working without supervision.

Defendant Murphy was employed by the defendant school district as a shop trades supervisor. Defendant Hansen was employed by the defendant school district as a teacher for the building trades class.

The trial court found that the conducting of the building trades class as part of a high school curriculum was a governmental function thereby entitling the defendant school district to summary judgment on the basis of governmental immunity. Further, the court found that the supervisor and the teacher, as employees of the school district, were also entitled to governmental immunity.

The sole question for our determination is whether the trial court erred in granting summary judgment. We find no error.

In *Weaver v Duff Norton Co,* 115 Mich App 286; 320 NW2d 248 (1982), the Court found that a public school district's operation of a vocational education program is a governmental function within the meaning of MCL 691.1407; MSA 3.996(107), the governmental immunity statute. In that case, as part of its educational program, the school operated a vocational education program whereby students held part-time jobs with private

companies, learning skills, and performing tasks within the students' chosen field. While on the premises of a company and while engaged in his duties under that program, the plaintiff student was injured. The Court based its holding on the following: (1) section 1287(1) of the School Code of 1976, MCL 380.1287(1); MSA 15.41287(1), authorizes school boards to establish vocational education programs; and (2) vocational education programs are an integral part of the curriculum of modern secondary schools.

We find that the present case is analogous to *Weaver.* The building trades class offered the student an opportunity to learn the skills used in constructing a house. The class emphasized craftsmanship and, in addition to erecting a house, the course included films, field trips, and lectures by employers and union representatives. As part of the high school curriculum, the course advanced vocational education, MCL 380.1287; MSA 15.41287. Therefore, we find that the operation of a building trades class as part of a high school curriculum is a governmental function thereby entitling the defendant school district to governmental immunity.

We further find that the defendant supervisor and the defendant teacher were engaged in a governmental function thereby entitling these defendants to governmental immunity. *Bush v Oscoda Area Schools,* 405 Mich 716; 275 NW2d 268 (1979); *Gaston v Becker,* 111 Mich App 692; 314 NW2d 728 (1981); *Everhart v Roseville Community Schools Bd of Ed,* 108 Mich App 218, 221-223; 310 NW2d 338 (1981).

We find no error on the part of the trial court in granting summary judgment in favor of the defendants.

Affirmed.