EVERETT v COUNTY OF SAGINAW

Docket No. 60957. Submitted November 3, 1982, at Lansing.—Decided
February 23, 1983. Leave to appeal denied, 417 Mich 1100.14.

Dorothy Everett, as administratrix of the estate of George Ever-
ett, deceased, brought an action in Saginaw Circuit Court
against the County of Saginaw and the Saginaw Community
Hospital, alleging that George Everett's death was the result of
negligent care by employees of Saginaw Community Hospital.
Defendants moved for summary judgment, the county on the
basis of failure to state a cause of action and the hospital on
the basis of governmental immunity. Hazen R. Armstrong, J.,
granted defendants' motions. Plaintiff appeals from the order
with respect to the hospital. *Held:*

Since the skilled nursing care unit in which the deceased was
located gave care which could have been received in private
nursing homes, the operation of the skilled nursing care unit
by the county hospital does not constitute the performance of a
governmental function. The fact that the county hospital may
not refuse to perform services merely because a patient is
indigent does not thereby make such services a governmental
function. It was error for the trial court to grant summary
judgment in favor of the hospital on the basis of governmental
immunity.

Reversed and remanded.

1. GOVERNMENTAL IMMUNITY — PRESUMPTIONS.

Participation of modern government in everyday existence is so
pervasive that any presumption must rightly run to govern-

REFERENCES FOR POINTS IN HEADNOTES

[1] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 314.
[2] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 27 *et
seq.*
[3] 40 Am Jur 2d, Hospitals and Asylums §§ 21, 36.
    Patient tort liability of rest, convalescent, or nursing homes. 83
    ALR3d 871.
    Immunity from liability for damages in tort of state or governmen-
    tal unit or agency in operating hospital. 25 ALR2d 203.

ment responsibility and consequent liability rather than to immunity.

2. Governmental Immunity — Governmental Function.

The Court of Appeals is constrained to focus on the precise activity giving rise to a plaintiff's claim, rather than overall or principal departmental operations, in determining whether a particular governmental activity is a governmental function for purposes of governmental immunity.

3. Governmental Immunity — Hospitals — Counties — Nursing Care Units.

The operation of a skilled nursing care unit in a hospital operated by a county does not constitute the performance of a governmental function, even where such hospital may not refuse to perform services merely because the patient is indigent (MCL 691.1407; MSA 3.996[107]).

*Robert L. Loucks,* for plaintiff.

*Borrello, Thomas & Jensen, P.C.* (by *Peter C. Jensen),* for defendant.

Before: D. E. Holbrook, Jr., P.J., and Allen and R. L. Tahvonen,* JJ.

R. L. Tahvonen, J. Plaintiff appeals as of right an order of the trial court dismissing her complaint against defendant Saginaw Community Hospital. The trial court ruled that governmental immunity barred plaintiff's action against the hospital. The court also dismissed plaintiff's complaint against defendant Saginaw County, ruling that plaintiff failed to state a claim on which relief could be granted. Plaintiff has not appealed the latter ruling.

On February 3, 1978, plaintiff's decedent was transferred to Saginaw Community Hospital from St. Mary's Hospital in Saginaw. He was placed in the hospital's extended care facility after a progno-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

sis was made that he would be in need of skilled or unskilled nursing care the remainder of his life. Decedent died on February 5, 1978. It is alleged that his death resulted from the negligence of employees of Saginaw Community Hospital.

MCL 691.1407; MSA 3.996(107) provides:

"Except as in this act otherwise provided, all governmental agencies shall be immune from tort liability in all cases wherein the government agency is engaged in the exercise or discharge of a governmental function. Except as otherwise provided herein, this act shall not be construed as modifying or restricting the immunity of the state from tort liability as it existed heretofore, which immunity is affirmed."

In *Parker v City of Highland Park,* 404 Mich 183; 273 NW2d 413 (1978), and *Perry v Kalamazoo State Hospital,* 404 Mich 205; 273 NW2d 421 (1978), the Supreme Court announced the test for determining whether a governmental entity is engaged in the discharge of a governmental function. Since Justice MOODY constituted the swing vote in each case, this Court has consistently applied his analysis. See, *e.g., Trezzi v Detroit,* 120 Mich App 506; — NW2d — (1982); *Catenaro v Detroit,* 115 Mich App 615, 617-618; 321 NW2d 746 (1982); *Weaver v Duff Norton Co,* 115 Mich App 286, 290-291; 320 NW2d 248 (1982).

As noted in *Weaver, supra,* the MOODY analysis begins with a presumption of liability:

"Participation of modern government in our everyday existence is so pervasive that any presumption must rightly run to government responsibility and consequent liability rather than to immunity. Present realities dictate viewing immunity as a privilege, limited to those activities uniquely associated with governmental enterprise." *Parker, supra,* p 199.

In determining whether a particular activity constitutes a governmental function, the focus is on the precise activity giving rise to plaintiff's claim rather than on the entity's overall or principal operation. *Weaver, supra; Churchwell v Regents of University of Michigan,* 97 Mich App 463, 469; 296 NW2d 75 (1980). As stated by Justice MOODY in *Parker, supra,* p 200:

"[A]s a basic guideline, the crux of the governmental essence test should be founded upon the inquiry whether the purpose, planning and carrying out of the activity, due to its unique character or governmental mandate, can be effectively accomplished only by the government. Unless liability would be an unacceptable interference with government's ability to govern, activities that fall outside this perimeter, although performed by a government agency, are not governmental functions and therefore not immune."

The activity involved in this case relates to an allegation of negligence in the performance of services by the skilled nursing care unit of the hospital. In our opinion, the hospital's operation of a skilled nursing care unit does not constitute the performance of a governmental function. The evidence established that the services being performed by that unit were the same as those plaintiff's decedent could have received in a number of private nursing homes in the area. The fact that a large portion of the hospital's operating budget comes from public sources does not alter our conclusion. The bulk of those funds come from Medicare and Medicaid. Those sources are also available for services performed by a private nursing home.

The trial court placed heavy reliance on the fact that the hospital, unlike a private nursing care home, is required to accept involuntary committals

and may not refuse to perform services merely because the patient is indigent. The difficulty with this argument is that the doctrine of charitable immunity was abolished by the Supreme Court in *Parker v Port Huron Hospital,* 361 Mich 1; 105 NW2d 1 (1960). We decline to resurrect that doctrine. The test of governmental immunity relates not to the beneficiary of the services, but rather to the nature of the services being performed. *Parker, supra.* As stated above, the services being performed by the county hospital are not services which can be effectively accomplished only by government.

The trial court erred by granting summary judgment in favor of the hospital.

The decision of the trial court is reversed and the case is remanded for trial on the merits. No costs, a public question.