DAVIS v HOMESTEAD FARMS, INC

Docket No. 65776. Submitted January 12, 1984, at Detroit.—Decided July 23, 1984.

Collene Parrott, a minor, was bitten by a horse while on a field trip to Homestead Farms, Inc., with her kindergarten class. Her next friend, Gerald C. Davis, and others brought an action in the Wayne Circuit Court against Homestead Farms, Inc., and the Livonia School District. The court, Arthur M. Bowman, J., granted summary judgment for the school district based on governmental immunity. Plaintiffs appealed by leave granted. *Held:*

The school district, in conducting a field trip to a farm, was exercising or discharging a governmental function of operating a public school.

Affirmed.

SCHOOLS — GOVERNMENTAL IMMUNITY — FIELD TRIPS.

A school district, in conducting a field trip to a farm, is exercising or discharging a governmental function of operating a public school, and is protected from liability for negligence in connection therewith by governmental immunity.

*Cummings, McClorey, Davis & Acho, P.C.* (by *Bernard P. McClorey),* for plaintiffs.

*Berry, Puleo & Noeske* (by *Orlando L. Blanco),* for defendant.

Before: WAHLS, P.J., and R. M. MAHER and C. W. SIMON,* JJ.

REFERENCES FOR POINTS IN HEADNOTE

57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 11, 16, 21, 38, 40, 299.

68 Am Jur 2d, Schools § 16.

Modern status of doctrine of sovereign immunity as applied to public schools and institutions of higher learning. 33 ALR3d 703.

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. In this action to recover damages for personal injuries to Collene Parrott, the circuit court granted summary judgment for defendant Livonia School District on the basis of governmental immunity. This Court granted plaintiffs' interlocutory delayed application for leave to appeal.

In order to state a claim on which relief can be granted against a governmental entity, the plaintiff must plead facts in avoidance of governmental immunity. See, for example, *Graves v Wayne County*, 124 Mich App 36, 40; 333 NW2d 740 (1983). Plaintiffs' complaint alleged that Collene Parrott went on a field trip to Homestead Farms with her kindergarten class from the Livonia School District. At the farm, she was bitten on the left cheek by a horse. The complaint alleges that a proximate cause of Collene Parrott's injuries was the negligent failure of the school district's personnel to provide adequate supervision during the field trip.

In *Bush v Oscoda Area Schools*, 405 Mich 716, 727-728; 275 NW2d 268 (1979), Justice LEVIN noted that less than a majority of the Court was willing to hold that operation of a public school was outside the scope of governmental immunity. Cases decided by this Court since *Bush* recognize that operation of a public school falls within the scope of governmental immunity. *Deaner v Utica Community School Dist,* 99 Mich App 103; 297 NW2d 625 (1980); *Churilla v East Detroit School Dist,* 105 Mich App 32; 306 NW2d 381 (1981); *Smith v Mimnaugh,* 105 Mich App 209; 306 NW2d 454 (1981); *Everhart v Roseville Community Schools Bd of Ed,* 108 Mich App 218; 310 NW2d 338 (1981); *Gaston v Becker,* 111 Mich App 692; 314 NW2d 728 (1981); *Cobb v Fox,* 113 Mich App 249; 317 NW2d 583 (1982); *Bokano v Wayne-Westland Community Schools,* 114 Mich App 79; 318

NW2d 613 (1982); *Belmont v Forest Hills Public Schools,* 114 Mich App 692; 319 NW2d 386 (1982); *Weaver v Duff Norton Co,* 115 Mich App 286; 320 NW2d 248 (1982); *Lee v Highland Park School Dist,* 118 Mich App 305; 324 NW2d 632 (1982); *Regulski v Murphy,* 119 Mich App 418; 326 NW2d 528 (1982); *Grames v King,* 123 Mich App 573; 332 NW2d 615 (1983); *Boulet v Brunswick Corp,* 126 Mich App 240; 336 NW2d 904 (1983). Examination of these cases, however, reveals some dispute on this Court as to precisely what activities fall within the scope of governmental immunity when carried out by a public school.

To determine whether a defense of governmental immunity is available to the school district here, we must examine the specific tortious activity alleged and determine whether it falls within the exercise or discharge of a governmental function. *Galli v Kirkeby,* 398 Mich 527, 535-536; 248 NW2d 149 (1976) (opinion of Williams, J.). We therefore must determine whether defendant school district, in taking kindergartners on a field trip to a farm, was exercising or discharging the governmental function of operating public schools. See *Duncan v Detroit,* 78 Mich App 632, 634; 261 NW2d 26 (1977), *Antkiewicz v Motorists Mutual Ins Co,* 91 Mich App 389, 395; 283 NW2d 749 (1979), *vacated in part on other grounds* 407 Mich 936 (1979), *Rouse v Michigan,* 109 Mich App 21, 27-28; 311 NW2d 144 (1981), and *Willis v Nienow,* 113 Mich App 30, 37; 317 NW2d 273 (1982).

The following is required as part of the curriculum in public schools by MCL 380.1171; MSA 15.41171:

"Time shall be devoted in the public schools within this state to teaching the pupils kindness and justice to, and humane treatment and protection of, animals and

birds, and the important part they fulfill in the economy of nature."

The school district was fulfilling this curriculum requirement by taking kindergartners on the field trip to the farm. The school district's activity in taking the children on the field trip therefore falls within the exercise or discharge of the governmental function of operating public schools.

Affirmed.