## ST. VINCENT v STATE OF MICHIGAN

Docket Nos. 77-1227, 77-4428. Submitted May 3, 1978, at Marquette.—
Decided November 6, 1978. Leave to appeal applied for.

Clarence St. Vincent sustained personal injuries when he dived
into shallow waters at a Michigan state highway park in
Dickinson County. He brought a negligence action in circuit
court for damages against the State of Michigan, Michigan
State Highway Commission, Department of Highways and
Transportation and the Dickinson County Road Commission. A
similar action was started in the Court of Claims. The State of
Michigan and the state agency defendants moved for acceler-
ated judgment and/or summary judgment. The Court of
Claims, Calvin L. Bosman, J., granted the motion and the case
in the Court of Claims against the state defendants was dis-
missed. Dickinson Circuit Court, Ernest W. Brown, J., granted
summary judgment for the defendant Dickinson County Road
Commission, and granted a motion for accelerated judgment for
the State of Michigan and the state agency defendants. Plaintiff
appeals the circuit court action as of right and appeals the
Court of Claims action by leave granted.

The questions on appeal are (1) whether plaintiff's claim
against the state defendants is barred by the doctrine of sover-
eign immunity, and (2) whether the county is liable by virtue of
a contract with the state to provide maintenance for the
highway park. *Held:*

1. The defense of sovereign immunity as applied to a state
and its agencies has been abrogated by a rule which is prospec-
tive in application except for pending cases where an express
challenge to the defense of immunity has been made and
preserved. Plaintiff's is a pending case but his reply to the
state's claim of immunity only contests the application of the
doctrine to his particular suit without making a direct chal-
lenge to the concept of common-law sovereign immunity; there-

REFERENCES FOR POINTS IN HEADNOTES
[1-3] Am Jur 2d, States, territories, and Dependencies § 99 *et seq.*
[4] 73 Am Jur 2d, Summary Judgment §§ 1, 2.

fore, governmental immunity applies and defeats plaintiff's claim.

2. Grant of summary judgment for the Dickinson County Road Commission was proper. Jurisdiction over a state highway park is with the state and not the county and the state remains liable for negligent maintenance where the county simply maintained a contract with the state to provide maintenance for the highway park.

Affirmed.

1. Torts—States—Governmental Immunity—Abrogation of Rule —Prospective Application.

The common-law doctrine of sovereign immunity as applied to a state and its agencies has been abrogated by a ruling which is prospective in application, except for pending cases in which an express challenge to the common-law defense of state governmental immunity has been made and preserved.

2. Torts—States—Governmental Immunity—Abrogation of Rule —Pending Cases.

A plaintiff's action against a state or its agencies is subject to the defense of governmental immunity in a case pending at the time when the abrogation of immunity rule was released where the plaintiff's reply to the state's claim of governmental immunity contests only the application of the doctrine to his particular suit without making a direct challenge to the concept of common-law sovereign immunity.

3. Negligence—States—State Parks—Jurisdiction—Maintenance Agreements with Counties—Liability.

A state does not divest itself of jurisdiction over a state highway park by entering into maintenance agreements with a county; therefore, there is no basis for county liability on account of charged negligent maintenance where the county simply maintained a contract with the state for such maintenance.

4. Judgment—Summary Judgment—Complete Defense.

Summary judgment is proper where a defendant affirmatively presents to the court every fact necessary for a complete defense.

*Wisti & Jaaskelainen,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Louis J. Caruso*

and *Francis J. Carrier,* Assistants Attorney General, for defendant State of Michigan.

*Brouillette & Brouillette,* for defendant Dickinson County Road Commission.

Before: V. J. BRENNAN, P.J., and R. B. BURNS and M. J. KELLY, JJ.

V. J. BRENNAN, P.J. Plaintiff Clarence St. Vincent brought suit both in the Michigan State Court of Claims and Dickinson County Circuit Court, seeking damages for personal injuries allegedly suffered due to the negligent acts of the State of Michigan, the Michigan State Highway Commission, Department of Highways and Transportation, and the Dickinson County Road Commission. The Court of Claims granted accelerated judgment to the state defendants pursuant to GCR 1963, 116.1(5). The Dickinson County Circuit Court granted county defendants' motion for summary judgment on the basis of governmental immunity and nonliability pursuant to a maintenance contract existing between defendant county and defendant State Highway Department. GCR 1963, 117.2(1). Plaintiff appeals as of right under GCR 1963, 806.1.

Plaintiff brought suit against defendants on May 26, 1976, alleging injury which occurred in 1935 in a Michigan state highway park located north of M-69, near Hardwood in Dickinson County. Plaintiff stated that he was an invitee, that the premises were under the ownership and control of defendants, that defendants breached their duty of care by failing to erect signs warning of dangerously shallow waters, that he was injured upon diving into those waters, that defendants' breach of duty was the direct and proximate cause of those inju-

ries and that such injuries caused mental derangement which prevented him from instituting legal action prior to this time.

With regard to the state defendants, on July 19, 1976, the Dickinson County Circuit Court granted their motion for accelerated judgment on the ground that plaintiff's claim against them was cognizable only in the Court of Claims. Similarly, the Court of Claims, holding plaintiff's claim for naught, on August 13, 1976, granted the state defendants' motion for accelerated and summary judgment. Although the court's decision does not so indicate and the record is silent on the matter, judgment for state defendants was apparently based upon their claim that plaintiff was barred by the doctrine of sovereign immunity.

With regard to the county defendant, on October 27, 1976, the Court of Claims granted its motion for accelerated judgment on the basis that such claim was cognizable only in Dickinson County Circuit Court. Finally, on March 18, 1977, the circuit court granted defendants' motion for summary judgment on grounds of governmental immunity and nonliability premised upon a contract between Dickinson County and the Michigan State Highway Commission.

Plaintiff raises several allegations of error. We will comment only briefly on them.

The Court of Claims properly granted summary judgment to state defendants. GCR 1963, 117.2(1). See *White v Detroit,* 74 Mich App 545, 547; 254 NW2d 572 (1977), *McCann v Michigan,* 398 Mich 65, 77; 247 NW2d 521, 523–524 (1976) (opinion of Ryan, J.), *Galli v Kirkeby,* 398 Mich 527; 248 NW2d 149 (1976) (opinion of Williams, J.). Recently, the Michigan Supreme Court abrogated the common-law doctrine of sovereign immunity as

applied to the state and its agencies. *Pittman v City of Taylor,* 398 Mich 41; 247 NW2d 512 (1976). However, because plaintiff was not directly challenging the concept of common-law sovereign immunity in his reply to state defendants' claim of immunity, but only contesting its application to plaintiff's particular suit, we find plaintiff's action is not governed by *Pittman,* despite the fact the suit was pending when *Pittman* was released. The Court stated there:

"This ruling is prospective, with the exception of the instant case and any cases now pending in which an express challenge to the common-law defense of state governmental immunity has been made and preserved." *Pittman v City of Taylor, supra,* at 45.

Consequently, state defendants properly availed themselves of the immunity defense, and the Court of Claims correctly granted their motion for summary judgment. See *Myers v Genesee County Auditor,* 375 Mich 1; 133 NW2d 190 (1965).

Concerning county defendant, we find no basis for liability on account of charged negligent maintenance when the county simply maintained a contract with the state for such maintenance. See *Moyer v Wayne County Road Comm,* 52 Mich App 285; 217 NW2d 53 (1974), *Bennett v Lansing,* 52 Mich App 289; 217 NW2d 54 (1974). Therefore, defendant county was properly granted summary judgment when they affirmatively presented to the court every fact necessary for a complete defense. *Bloss v Williams,* 15 Mich App 228; 166 NW2d 520 (1968).

Having reviewed plaintiff's remaining claims of error and finding none meritorious, we sustain the Court of Claims and Dickinson County Circuit Court.

Affirmed.