## BERRIE v MARVIN

Docket No. 53914. Submitted April 6, 1982, at Detroit.—Decided June 10, 1982. Leave to appeal applied for.

Dianne Berrie, as guardian of the estate of Kenneth C. Berrie, a minor, and Dianne and Kenneth Berrie individually, brought an action alleging medical malpractice against Dr. Robert Marvin, Dr. Dorothy Dsena, and Peoples Community Hospital Authority, which operates Annapolis Hospital where the alleged malpractice occurred. PCHA pled governmental immunity as an affirmative defense. During the pendency of the case the Supreme Court decided *Parker v City of Highland Park*, 404 Mich 183 (1978), abolishing governmental immunity for community-owned hospitals, and *Murray v Beyer Memorial Hospital*, 409 Mich 217 (1980), establishing the retroactive effect of *Parker*. The Wayne Circuit Court, Joseph B. Sullivan, J., granted summary judgment in favor of PCHA on the grounds that no express challenge to governmental immunity had been filed prior to the date of decision of *Parker*, which was the criterion for retroactivity established in *Murray*. Plaintiffs appeal. *Held:*

1. Because the plaintiffs herein did nothing to respond to, contest or otherwise challenge defendant PCHA's assertion of the defense of governmental immunity until 17 months after the decision in *Parker*, the rule announced in *Parker* does not apply. The trial court properly granted summary judgment in favor of PCHA.

2. The mere filing of the complaint did not, in itself, constitute an "express challenge" to the defense of governmental immunity.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 40 Am Jur 2d, Hospitals and Asylums § 20.
   57 Am Jur 2d, Municipal etc Tort Liability §§ 310, 312.
   61A Am Jur 2d, Pleading § 27.
[2] 57 Am Jur 2d, Municipal etc Tort Liability §§ 310, 312.
   61A Am Jur 2d, Pleading § 69.

1. GOVERNMENTAL IMMUNITY — HOSPITALS — RETROACTIVITY.

  The Supreme Court ruling abolishing governmental immunity
    from tort liability for the operation of a community-owned
    hospital applies to cases in which an express challenge to the
    defense of governmental immunity had been made prior to the
    date of the Supreme Court decision; immunity should be
    granted in a case wherein immunity was pled as a defense
    prior to the Supreme Court decision and the plaintiffs did
    nothing to challenge the defendant's assertion of the defense
    until 17 months after the Supreme Court decision.

2. PLEADING — GOVERNMENTAL IMMUNITY.

  The mere filing of a complaint against a community-owned hospi-
    tal does not, in itself, amount to an express challenge to the
    defense of governmental immunity from tort liability.

*Kelman, Loria, Downing, Schneider & Simpson,*
for plaintiffs.

*Cozadd, Shangle, Smith & Andrews* (by *John R.
Day* and *Daniel J. Andrews),* for defendant Peoples
Community Hospital Authority.

Before: ALLEN, P.J., and D. C. RILEY and R. R.
FERGUSON,* JJ.

PER CURIAM. In this appeal we are asked to
determine whether the partial retroactive applica-
tion of *Parker v City of Highland Park,* 404 Mich
183; 273 NW2d 413 (1978), adopted in *Murray v
Beyer Memorial Hospital,* 409 Mich 217; 293
NW2d 341 (1980), preserves the defense of govern-
mental immunity to a public hospital against
which suit had been instituted and the affirmative
defense of governmental immunity raised pre-*Par-
ker,* but where plaintiffs had not responded to or
otherwise expressly challenged the defense of gov-
ernmental immunity until some 18 months post-
*Parker.*

---

* Circuit judge, sitting on the Court of Appeals by assignment.

On July 23, 1980, the Circuit Court for Wayne County granted a motion for summary judgment in favor of Peoples Community Hospital Authority (hereinafter "defendant") on grounds that "under the ruling in *Murray v Beyer,* unless there has been filed prior to December 27, 1978 (the date of the decision in *Parker v City of Highland Park),* an express challenge to governmental immunity which remains preserved, the motion for summary judgment must be granted". An amended order of summary judgment in favor of defendant-appellee was filed September 22, 1980, following which plaintiffs moved in the Supreme Court to bypass this Court. When that motion was denied, plaintiffs moved in this Court for peremptory reversal. That motion was denied March 16, 1981, Judge T. M. Burns dissenting. Plaintiffs appeal of right.

The following sequence of dates is basic to a proper resolution of the issue before us.

May, 1972:

Suit filed in *Parker* against City of Highland Park for malpractice by Highland Park Hospital.

February, 1977:

Leave to appeal granted by Supreme Court in *Parker.*

May, 1977:

Suit filed in instant case by plaintiffs against Peoples Community Hospital Authority and Annapolis Hospital.

June 24, 1977:

Defendant pleads governmental immunity as a defense but does not move for summary judgment on that ground until June 3, 1980, and in the interim, plaintiffs do not expressly respond to defendant's claim of governmental immunity.

December 27, 1978:

Supreme Court renders decision in *Parker v Highland Park,* abolishing the defense of governmental immunity but does not state whether the decision is to be applied prospectively or retroactively.

June 3, 1980:

Defendant files motion for summary judgment on grounds of governmental immunity. Plaintiffs for the first time expressly oppose motion.

June 30, 1980:

Supreme Court renders decision in *Murray v Beyer Memorial Hospital,* giving limited retroactive effect to *Parker.*

July, 1980:

Motion argued before Judge Joseph B. Sullivan of Wayne Circuit Court.

July 23, 1980:

Judge Sullivan files opinion granting motion for summary judgment on grounds *Murray v Beyer Memorial Hospital* controls.

In *Parker v City of Highland Park, supra,* the Supreme Court abolished the defense of governmental immunity for the operation of a hospital but was silent as to whether the new rule was to be applied prospectively or retroactively. Nevertheless, even before the decision in *Murray, supra,* the Supreme Court peremptorily reversed the decisions of the Court of Appeals sustaining immunity of hospitals in some 17 cases.[1] Thus, even before *Murray,* the Supreme Court had made it clear that *Parker* applied retroactively to cases on appeal to this Court. However, a question remained as to whether such retroactivity extended (a) to all cases

---

[1] See cases listed in *Murray,* fn 3, p 230, dissent by Justice RYAN.

on appeal from the trial court, and (b) to cases yet untried and pending in the trial court. In *Murray,* Justice KAVANAGH, writing for the majority, attempted to answer those questions, stating:

"[T]he rule of *Parker* is to be applied to all cases pending on December 27, 1978 in which an express challenge to the defense of governmental immunity was made and preserved as well as all cases started after that date. See *Placek v Sterling Heights,* 405 Mich 638, 662-668; 275 NW2d 511 (1979); *Pittman v City of Taylor,* 398 Mich 41, 50; 247 NW2d 512 (1976); *Daley v LaCroix,* 384 Mich 4, 14; 179 NW2d 390 (1970); *Bricker v Green,* 313 Mich 218, 236; 21 NW2d 105 (1946).

"* * * We are satisfied that the adventitious disposition of *Parker* while we held plaintiffs' application in abeyance should not deprive plaintiffs of the benefit of the rule or make available to defendant a defense we will no longer enforce for others.

"We acknowledge that whenever a new rule of law is promulgated some unfairness to those who have relied on the old rule may be claimed. Courts, however, do not alter an established rule of law without thorough evaluation of the policy considerations involved. When the decision to overrule precedent is finally made, the Court is satisfied that the importance of the result reached outweighs any unfairness to those negatively affected by the decision. Applying the ruling prospectively with the exception of that case and cases pending on appeal in which the issue was raised and preserved is an attempt to limit any such unfairness." *Murray,* 221-223.

Unfortunately, the purported clarifying language quoted above is itself ambiguous. The words underscored with a solid line suggest that retroactivity extends to *"all cases"* pending on December 27, 1978, whether they be pending on appeal or at the trial level. The words underscored with a broken line state that retroactivity extends only to

*"cases pending on appeal"* as of December 27, 1978. In an effort to resolve the ambiguity and to determine what the Supreme Court intended, we secured and closely examined the briefs filed with the Supreme Court in *Murray.* Plaintiffs' brief argued that the *Parker* decision should apply "to all other pending cases where this issue has been raised and preserved".[2] Defendant Beyer Memorial Hospital's brief recited extensive facts relating to the financial burden which would fall upon the hospital, a self-insured charitable institution, if *Parker* were to be applied to both cases on appeal and cases pending trial. We quote from defendant hospital's brief:

"At the present time, this defendant-appellee finds itself named as a party-defendant in approximately 60 medical malpractice actions pending either at the trial court level or in the Court of Appeals and has been dismissed from approximately 15 other cases based on its claim of governmental immunity in which it could find itself reinstated on the authority of *Parker v City of Highland Park.* The liability implications are enormous. Again, defendant-appellee repeats that it is constituted of but 5 of the 70 locally and state owned institutions referred to in this Court's decision in *Parker.* Certainly, this Court is aware through its decisions and through pending applications before it that this defendant-appellee is far more alone in being placed in a position of untenable jeopardy should *Parker* be given any retroactivity effect."

In essence, plaintiffs in *Murray* were asking that

---

[2] Plaintiffs' brief concludes with the following prayer for relief: "Here the Court has interpreted the language of a statute, the interpretation of which has been in doubt and in question since the act was passed. It is only proper, we assert, that now having determined that the *statute* does *not* extend the protection of immunity to the day-to-day operations of governmental hospitals, that all cases arising since the enactment of this statute be given the benefit of this interpretation."

the new rule announced in *Parker* be extended to any case pending in the trial court where malpractice was pled. Conversely, defendant asked that the new rule be applied only to acts of malpractice occurring on or after December 27, 1978. Clearly, the response of the *Murray* majority fell somewhere in between. While a strong case can be made that the majority opinion limited retroactive application to only cases where the issue of governmental immunity had been raised at the trial level and appeal taken on that issue to the Court of Appeals,[3] we need not posit our opinion in this case on that narrow ground. For it is clear that in using the words "express challenge to the defense of governmental immunity", the Supreme Court intended that something more was required than the filing of a bill of complaint and an answer by defendant asserting the defense of governmental immunity. In other words, assuming, *arguendo,* that the Supreme Court intended the new rule to apply to *some* cases pending at the trial level, the qualifying words "express challenge" clearly indicate the Court did not intend the new rule to apply to *all* of the approximately 60 cases of malpractice pending against defendant hospital in the trial court or in the Court of Appeals or the 15 other cases in which Beyer Memorial Hospital could find itself reinstated on the basis of *Parker.*

In the instant case, defendant filed an answer on June 24, 1977, raising governmental immunity as

---

[3] In determining *Parker's* retroactivity, the Supreme Court used two apparently contradictory phrases: "all cases pending", and "all cases pending on appeal". Were we to hold that *Murray* allows application of *Parker* to cases pending in trial or pre-trial stages, the words "on appeal" would be rendered meaningless. Moreover, it is appropriate to apply the specific language of "pending on appeal" rather than the general "pending", as a commonly applied rule of construction is that an express term controls and limits a general term in the same document.

a defense. Plaintiffs did nothing to respond, contest or otherwise challenge defendant's answer until after defendant filed a motion for summary judgment on June 3, 1980. This was some 17 months after the cut-off date of December 27, 1978, set forth in *Murray.* Thus, application of the solidly underlined portion of the *Murray* language, that *Parker* applies to "cases pending on December 27, 1978 in which an express challenge to the defense of governmental immunity *was* made and preserved", forecloses application of the new rule of *Parker* in this case.

Plaintiffs claim, however, that the filing of the bill of complaint in itself amounts to "an express challenge" to the defense of immunity. We disagree. Claims of a similar nature were rejected by this Court in *St Vincent v State of Michigan,* 86 Mich App 688; 273 NW2d 525 (1978), and *William C Reichenbach Co v State of Michigan,* 94 Mich App 323; 288 NW2d 622 (1979). If the mere filing of a bill of complaint against a public hospital constitutes an "express challenge", then inclusion of such a requirement by the Supreme Court was superfluous. We don't think the Supreme Court inserted the language superfluously. To the contrary, we opine that it was placed there to minimize the severe burden which would fall on self-insured charitable institutions if retroactivity were extended to every case in which a complaint had been filed. That was plaintiffs' request in *Murray* and that request was rejected.

We recognize that our decision deprives plaintiffs of the fruits of the *Parker* rule. Such is the inevitable result whenever a new rule of law is promulgated. The Supreme Court itself acknowledged as much. *Murray,* 222-223. However, the degree of retroactivity granted a change in the law

is always a balancing of competing policy interests. The Supreme Court balanced the competing interests in *Murray* and concluded that, at the very minimum, the gateway of immunity remained shut to plaintiffs who, prior to December 27, 1978, had not expressly challenged the defense of immunity, and conceivably (but not decided by us in this appeal) also remained closed unless such challenge had been raised at trial, denied by the trial court, and appeal taken. Accordingly, the grant of summary judgment in the instant case is affirmed. Plaintiffs' cause of action against defendant doctors remains.

Affirmed. No costs, a question of public importance being involved.