SCUDDER v ANNAPOLIS HOSPITAL

Docket No. 66009. Submitted August 8, 1983, at Detroit.—Decided September 28, 1983.

Dorine and Oscar Scudder filed an action in Wayne Circuit Court against Annapolis Hospital on November 15, 1978, alleging in part that the defendant hospital was being operated as a business and should not be afforded the protection of governmental immunity. The court, Thomas J. Foley, J., granted summary judgment for the defendant based on governmental immunity. The plaintiffs appealed. *Held:*

The circuit court's grant of summary judgment should be reversed. The rule that a governmental body is no longer protected by governmental immunity where it is operating a hospital applies to all cases that were pending on December 27, 1978, in which an expressed challenge to the defense of governmental immunity was made and preserved as well as to all cases started after that date. The plaintiffs expressly challenged the alleged defense of governmental immunity in their complaint.

Reversed.

1. GOVERNMENTAL IMMUNITY — HOSPITALS.

The operation of a hospital by a governmental body is essentially a business and not a governmental function and a governmental body should not be protected by governmental immunity where it is operating a hospital; this rule applies to all cases that were pending on December 27, 1978, in which an expressed challenge to the defense of governmental immunity was made and preserved, as well as to all cases started after that date.

2. WORDS AND PHRASES — *EJUSDEM GENERIS* — JUDICIAL CONSTRUCTION.

The principle of *ejusdem generis* in which general words follow-

REFERENCES FOR POINTS IN HEADNOTES
[1] 40 Am Jur 2d, Hospitals and Asylums §§ 2, 20.
  Immunity from liability for damages in tort of state or governmental unit or agency in operating hospital. 25 ALR2d 203.
[2] 73 Am Jur 2d, Statutes §§ 214-216.

ing a designation of particular subjects will ordinarily be presumed to be, and construed as, restricted by the particular designation should not be invoked in every case where general words follow specific words; the rule should not be applied to subvert the intent of the document being construed.

*Lopatin, Miller, Freedman, Bluestone, Erlich, Rosen & Bartnick* (by *Steven G. Silverman),* for plaintiff.

*Cozadd, Shangle, Smith & Andrews* (by *John R. Day),* for defendant.

Before: BRONSON, P.J., and T. M. BURNS and J. T. KALLMAN,* JJ.

PER CURIAM. On November 15, 1978, plaintiffs filed a complaint stating, in part, that the defendant hospital was being operated as a business and, therefore, could not be afforded the protection of governmental immunity. On June 17, 1980, defendant moved for summary judgment on the grounds of governmental immunity. On June 24, 1980, plaintiffs replied to defendant's argument regarding governmental immunity. The trial court granted defendant's motion for summary judgment. Plaintiffs appeal as of right.

In *Parker v Highland Park,* 404 Mich 183; 273 NW2d 413 (1978), the Supreme Court held that government-operated hospitals were no longer protected by governmental immunity since they were essentially businesses. The Supreme Court subsequently decided that the *Parker* decision was to have limited retroactive effect, "to all cases pending on December 27, 1978, in which an expressed challenge to the defense of governmental immunity was made and preserved as well as all cases

* Circuit judge, sitting on the Court of Appeals by assignment.

started after that date". *Murray v Beyer Memorial Hospital,* 409 Mich 217, 221; 293 NW2d 341 (1980). The Court in *Murray* later stated that "[a]pplying the ruling prospectively with the exception of that case and cases pending on appeal in which the issue was raised and preserved is an attempt to limit any such unfairness". 409 Mich 223. This Court, in *Berrie v Marvin,* 117 Mich App 134; 323 NW2d 625 (1982), found that merely filing a complaint did not create an express challenge to governmental immunity not triggering retroactive effect to the *Parker* decision. In this appeal, we must first consider whether plaintiffs' specific allegation denying the application of governmental immunity is distinguishable from *Berrie* and, then, whether *Murray* applies to cases which were at the trial level on December 27, 1978.

Plaintiffs specifically averred in their complaint:

"That the defendant hospital, Annapolis Hospital, is a corporation having its principal place of business located in the County of Wayne, State of Michigan, and conducted the operation of a hospital as a business and, therefore, such is not a governmental function. Further, that the payment of fees by those members of the public, including the plaintiff, for the hospital's rendition of care and services, constitutes a proprietary function."

This paragraph of plaintiffs' complaint rather clearly is "an express challenge to the defense of governmental immunity" as required by the Court in *Murray, supra,* p 221. Since plaintiffs did more than merely file a complaint, we feel that the holding in *Berrie* is distinguishable. The Court in *Berrie* stated: "[I]n the instant case, defendant filed an answer on June 24, 1977, raising governmental immunity as a defense. Plaintiffs did noth-

ing to respond, contest or otherwise challenge defendant's answer until after defendant filed a motion for summary judgment on June 3, 1980. This was some 17 months after the cut-off date of December 27, 1978, set forth in *Murray.*" 117 Mich App 140-141. In this case, plaintiffs had done everything they possibly could to contest defendant's assertion of governmental immunity. It would have been improper for them to do anything further until defendant brought a motion for summary judgment. We do not read *Berrie* to require plaintiffs to have filed some unspecified form of motion to further contest the assertion of governmental immunity after the pleadings had been filed but before the *Parker* decision was rendered. Any delay that occurred in filing the motion for summary judgment was caused by the defendant. Plaintiffs had no duty to encourage the defendant to bring this motion. Thus, even though plaintiffs more fully argued against governmental immunity long after the *Parker* decision, plaintiffs should not be prejudiced by defendant's delay.

Upon finding that *Berrie, supra,* is applicable, we must decide whether the Supreme Court in *Murray, supra,* intended to apply the *Parker* decision to cases at the trial level in which the validity of governmental immunity has been expressly questioned. The Court in *Berrie* specifically avoided making this determination. 117 Mich App 142. In dicta, however, the Court stated:

"In determining *Parker's* retroactivity, the Supreme Court used two apparently contradictory phrases: 'all cases pending', and 'all cases pending on appeal'. Were we to hold that *Murray* allows application of *Parker* to cases pending in trial or pre-trial stages, the words 'on appeal' would be rendered meaningless. Moreover, it is appropriate to apply the specific language of 'pending

on appeal' rather than the general 'pending', as a commonly applied rule of construction is that an express term controls and limits a general term in the same document." 117 Mich App 140, fn 3.

This apparently was an attempt to interpret the Supreme Court's decision with rules of statutory construction. Specifically, the Court in *Berrie* seemed to be applying the principle of *ejusdem generis* in which general words following a designation of particular subjects will ordinarily be presumed to be, and construed as, restricted by the particular designation. *People v Smith,* 393 Mich 432; 225 NW2d 165 (1975). This rule does not apply to the language used in *Murray* since the general term is used before the more specific one. We decline to follow the dicta in *Berrie* because of the misapplication of this rule of construction.

Even if the rule of *ejusdem generis* were applicable, it should not be invoked in every case where general words follow specific words. *Core v Traverse City,* 89 Mich App 492; 280 NW2d 569 (1979). The rule should not be applied to subvert the intent of the document being construed. In this case, the intent of the Court in *Murray* is expressly stated. The Court in *Murray* noted that Murray's injury occurred two months after Parker's injury. The Court indicated that it would be unfair to allow one to recover while denying the other. The Court in *Murray* also cited *Placek v Sterling Heights,* 405 Mich 638, 662-668; 275 NW2d 511 (1979), in which the Court gave limited retroactive effect to comparative negligence. The Court held that comparative negligence is applicable to cases "in which application of the doctrine was requested at the trial court and the issue preserved for appeal. Finally, comparative negligence shall be the applicable rule in any case

commenced but not submitted to the trier of fact prior to the date of this decision, but in no case shall it apply unless there is an appropriate request by counsel prior to submission to the trier of fact." 405 Mich 667-668. We feel that the Court in *Murray* intended to apply the same type of retroactive effect as was applied in *Placek.* This clearly rejects defendant's contention that *Murray* limited retroactive effect to cases on appeal.

We also feel that it would be illogical to limit retroactivity to cases on appeal. There is no reason for discriminating between parties at the trial level who are contesting the validity of governmental immunity and parties on appeal who are arguing the same issue. Defendant, in its brief, argues that "the Supreme Court was persuaded that plaintiffs such as the Murrays who had spent considerable amounts of time, energy and money challenging the doctrine of immunity should not be denied a cause of action". This reasoning is unpersuasive since the instant plaintiffs are spending a considerable amount of time, energy and money challenging the doctrine of immunity. According to the defendant's rationale, plaintiffs should not be denied a cause of action. Defendant also claims that "the crushing blow of removing immunity could be severely detrimental to hospital institutions and, therefore, cases like the case now before the Court in which the complaint had just been filed should be dismissed to provide the hospital institutions some breathing room by which to satisfy those claims pending and allow for the preparation of those cases to come". The hospital seems to be arguing that we should create an island of cases preserving immunity so they can recover from the crushing blow of being treated like any other business. According to defendant,

immunity should not be applied to older cases in which the trial had been completed and an appeal had been taken, but should be applied to newer cases which have not even gone to trial by the date of the *Parker* decision. We do not feel that such irrational discrimination was intended in *Murray*.

The Court in *Murray* seems to have been more concerned with whether the defendant had been given notice that governmental immunity was being challenged than whether the case was on appeal or at trial. In the second paragraph of their complaint, plaintiffs specifically stated that they were challenging the doctrine of governmental immunity as applied to defendant since the defendant was essentially being operated as a private business. In *Parker*, four justices found that "the modern hospital, whether operated by a city, a church or a group of private investors, is essentially a business". 404 Mich 195. (Footnote omitted.) In the instant case, defendant cannot claim that it lacked notice that plaintiffs were contesting its assertion of governmental immunity. In their complaint, plaintiffs offered the same argument against immunity that was accepted by the four justices in *Parker*. We find that the Court in *Murray* intended *Parker* to be applied to cases such as the instant case. Therefore, the decision of the lower court is reversed.

Reversed and remanded.